UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

ALEX GOLDFARB,

                    Plaintiff,

   -v-

CHANNEL ONE RUSSIA *and* RT
AMERICA,

                  Defendants.

No. 18-cv-8128 (RJS)
ORDER

---

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of a motion filed by Plaintiff Alex Goldfarb, seeking leave to effect service on Defendant RT America ("RT") by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). (Doc. No. 11.) For the reasons that follow, Goldfarb's motion is GRANTED.

Goldfarb is a microbiologist who is a citizen and resident of New Jersey. (Doc. No. 5 ("Complaint" or "Compl.") ¶ 11.) Defendant Channel One Russia ("Channel One"), which is headquartered in Russia, is "the most widely distributed Russian-language channel . . . around the world," reaching over 250 million viewers. (*Id*. ¶ 12.) RT, which also operates a television station, is a nonprofit organization incorporated in Russia, and, according to the Complaint, "has a total weekly audience of 100 million viewers in 47 of the 100+ countries where RT broadcasts." (*Id*. ¶ 13.)

Goldfarb brought this suit on September 7, 2018, alleging that Defendants committed defamation, libel, and intentional infliction of emotional distress by broadcasting programs – and otherwise "embark[ing] on a propaganda offensive" – that falsely accused Goldfarb of murdering his wife, and his friend, Alexander Litvinenko. (*Id*. ¶¶ 8, 9, 115–135.) Goldfarb further alleges that the Russian government was behind the murder of his wife and Litvinenko, and that the

Defendants' television programs were broadcast in order to absolve the Russian government of responsibility for their deaths.  (*Id*. ¶¶ 8, 9.)

On June 18, 2018 – before the Complaint was filed – Goldfarb's counsel sent a demand to RT seeking a retraction of the allegedly defamatory statements.  (Doc. No. 11.)  On June 21, 2018, Goldfarb's counsel received a letter rejecting that demand from Matthew S. Leddicotte of the law firm of White & Case LLP.  (*Id*.)  After the Complaint was filed, Goldfarb's counsel asked Leddicotte if he would accept service of the Complaint on behalf of RT.  On September 11, 2018, Leddicotte informed Goldfarb's counsel that he was not authorized to accept service on RT's behalf, prompting Goldfarb to file the instant motion pursuant to Federal Rule of Civil Procedure 4(f)(3) seeking leave to effect service of RT by serving Leddicotte by email or courier.  (*Id*.)

Federal Rule of Civil Procedure 4(f) permits service of individuals and corporate entities abroad by (1) "any internationally agreed means of service," such as service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), (2) any "method that is reasonably calculated to give notice" that is prescribed, or at least not proscribed, by foreign law, or (3) "by other means not prohibited by international agreement."

"The Russian Federation is a signatory to the Hague Convention." *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12-cv-8258 (ALC), 2014 WL 1331046, at *9 (S.D.N.Y. Mar. 31, 2014).  Goldfarb has not attempted to serve RT by using the procedures set out in the Hague Convention, even though "compliance with the [Hague] Convention is mandatory in all cases to which it applies."  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S 694, 705 (1988).  However, because Goldfarb seeks to serve RT through what appears to be its domestic agent – its attorney, at least with respect to the demand letter – compliance with the Hague Convention is not

2

implicated. *See id.* ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications. . . . The only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service."); *see also In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) ("[N]othing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)."). Moreover, courts have recognized that Russia "refuses to transmit service requests through its Central Authority," as provided for in the Hague Convention, "and thus requests go unexecuted." *Arista Records LLC v. Media Servs. LLC*, No. 06-cv-15319 (NRB), 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008). Accordingly, "[b]ecause there is no reason to believe that service would be effective" if Goldfarb were required to first attempt to serve RT in accordance with the Hague Convention before seeking substitute service, "substituted service pursuant to Rule 4(f)(3) is appropriate." *Id.*

Courts in this district have often approved alternative service on defendants' counsel, *see Rana v. Islam*, 305 F.R.D. 53, 65–66 (S.D.N.Y. 2015), including in cases involving defendants based in Russia, *Bidonthecity.com*, 2014 WL 1131046 at *10; *Arista Records*, 2008 WL 563470 at *2; *RSM Prod. Corp. v. Fridman*, No. 06-cv-11512 (DLC), 2007 WL 2295907, at *6 (S.D.N.Y. Aug. 10, 2007). Given that Leddicotte responded to Goldfarb's demand letter on behalf of RT, it is reasonable to conclude that Leddicotte and his firm represent and are in contact with RT, and that they will be able to apprise RT of this suit. *See GLG*, 287 F.R.D. at 267 (noting that "a party seeking leave to serve an individual by counsel must show adequate communication between the individual and the attorney"). And although Leddicotte informed Goldfarb that he is not authorized to accept service on RT's behalf (Doc. No. 11), the law is clear that "[c]ourt-ordered

3

service on counsel made under Rule 4(f)(3) serves as effective authorization . . . for counsel to receive service," *RSM Prod.*, 2007 WL 2295907 at *6 (authorizing substitute service on an attorney for a defendant located in Russia).  The Court therefore concludes that service on RT via Leddicotte is reasonably calculated to apprise RT of the pendency of this litigation.

For all these reasons, Goldfarb's motion is GRANTED.  IT IS HEREBY ORDERED that, within fourteen days of the date of this order, Goldfarb shall serve the summons, complaint, all documents attached to the complaint, and this order on Matthew S. Leddicotte of White & Case LLP by courier and email.  IT IS FURTHER ORDERED that, once service has been completed, Goldfarb shall file a certificate of service on the Court's electronic docket indicating that service has been effected.

SO ORDERED.

Dated:      October 19, 2018
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE