Rottenberg Lipman Rich, P.C.
The Helmsley Building
230 Park Avenue
eighteenth floor
new york, new york 10169
telephone (212) 661-3080
telecopier (212) 867-1914

new jersey office
park 80 west, Plaza One
250 Pehle Avenue, Suite 101
saddle brook, new jersey 07663
telephone (201) 490-2022
telecopier (201) 490-2040

www.rlrpclaw.com
Bertrand Sellier
Member
bsellier@rlrpclaw.com

March 14, 2019

**BY ECF**

Hon. Deborah A. Batts
U.S. District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

       Re:  Goldfarb v. Channel One Russia et al.,
            1:18-cv-08128 (DAB)

Dear Judge Batts:

      I am writing on behalf of Dr. Alex Goldfarb, the plaintiff in the above-referenced action, in response to the letter dated March 12, 2019 from counsel for defendant Channel One Russia ("Channel One"). I understand that yesterday the Court granted Channel One's application for thirty days to respond to the Complaint. Channel One's letter, however, did not accurately present the relevant factual background.[1]

      In fact, as set forth below, Channel One has had actual notice of this action since at least December 14, 2018. Channel One chose to ignore it until counsel's belated appearance on March 12, 2019. Accordingly, we respectfully request the Court to reconsider the vacatur of the Certificate of Default entered by the Clerk of the Court on December 12, 2018 (Docket No. 25), and proceed with entry of a default judgment against Channel One.

      As set forth in the accompanying affidavit of Dr. Goldfarb, on December 14, 2018, Dr. Goldfarb saw Ms. Zhanna Agalakova, the Channel One New York bureau chief, at a reception at the Russian Film Festival in Manhaatan. Ms. Agalakova was present to interview guests for her news report. Dr. Goldfarb recognized Ms. Agalakova because she had previously interviewed him, as described in paragraph 94 of the Complaint.

      Dr. Goldfarb approached Ms. Agalakova at the reception and they had a brief discussion. As described by Dr. Goldfarb in his affidavit, Ms. Agalakova was familiar with the

---

[1] To be clear, I assume that counsel for Channel One were not aware of the facts described in Dr. Goldfarb's affidavit establishing Channel One's actual knowledge of this action at least since December 14, 2018, if not earlier.

Rottenberg Lipman Rich, P.C.

Hon. Deborah A. Batts
March 14, 2019
Page 2

lawsuit against Channel One, and specifically mentioned that she had found legal papers on the floor of her office in New York.  Ms. Agalakova added that she had decided to ignore the papers because, in her (erroneous) opinion, the papers should have been sent to Moscow rather than to her office.  Before apologizing and walking away because she had to work at the reception, Ms. Agalakova expressed interest in knowing how Dr. Goldfarb could afford to undertake such a potentially expensive litigation against Channel One.  Dr. Goldfarb's affidavit includes a photograph showing him speaking with Ms. Agalkova at the December 14, 2018 reception (Exhibit A), and an email he sent to me recording his discussion with her (Exhibit B).

It is not surprising that Ms. Agalakova was well aware of Dr. Goldfarb's complaint[2].  My affidavit dated December 11, 2018, submitted in support of our application for a Certificate of Default from the Clerk of the Court (Docket No. 24), sets forth the extensive efforts we made to provide Channel One with notice of this action.  As counsel for Channel One acknowledges, the summons and complaint were properly served upon the New York Secretary of State on September 26, 2018, as Channel One is licensed to do business in New York.

It appears that Channel One failed to inform the New York Secretary of State of a change in its address as required by Section 408 of the New York Business Corporation Law.  While Channel One asserts that the Secretary of State failed to forward the summons and complaint to Channel One, that is the fault of Channel One, and not the Secretary of State. The address on file with the New York Secretary of State for Channel One is 108 Perry Street, 2A, New York, New York 10014-3127, attention Vladimir Lenskiy.

Prior to service on the Secretary of State, on September 24, 2018, I sent an email to Samuel Blaustein, Esq. of Dunnington, Bartholow and Miller LLP.  That firm is counsel to Channel One in two other cases pending in the Southern District of New York.  I asked Mr. Blaustein if his firm was authorized to accept service of Dr. Goldfarb's complaint.  On September 26, 2018, I received a response from Mr. Blaustein's partner, Raymond Dowd, stating that his firm was not authorized to accept service of process.  It is highly likely that, as a responsible professional, Mr. Dowd informed Channel One about our request, and the fact that Dr. Goldfarb's action had been filed, prior to representing that his firm was not authorized to accept service.  As a courtesy, on September 28, 2018, I sent an email to Mr. Dowd, Mr. Blaustein and Christopher Vidulick, another lawyer at the Dunnington firm, to inform them that the complaint had been served on the New York Secretary of State.

Dr. Goldfarb informed me that Channel One Russia has a business address at 250 West 57th Street, Suite 429, New York, New York 10107. Accordingly, on October 19, 2018, I sent a copy of the summons and complaint to Ms. Zhanna Agalakova, Bureau Chief, by first class mail, and on October 30, 2018, I sent a copy of the summons and complaint by hand to Mr. Dowd.

---

[2] This is particularly so in light of the fact that the filing of Dr. Goldfarb's action against Channel One received extensive national and international press coverage.

Rottenberg Lipman Rich, P.C.

Hon. Deborah A. Batts
March 14, 2019
Page 3

Finally, the motion for a default judgment and supporting papers were served on Channel One by mail at its 57th Street address, and its address listed with the New York Secretary of State, on December 13, 2018.  (As Channel One's counsel noted, we did not file an affidavit of service; that oversight has now been remedied.)

Because no default judgment has been entered, Channel One's application to set aside the Certificate of Default entered by the Clerk of the Court is governed by Fed. R. Civ. P. 55 (c).  The principal factors in determining an application to set aside a default are whether the default was willful, whether setting aside the default would prejudice the adversary, and whether a meritorious defense is presented.  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).  In determining whether a default was willful, courts "look for bad faith, or at least something more than mere negligence."  American Alliance Ins. Co. Ltd.v. Eagle Ins. Co., 92 F.3d 57,61 (2d Cir. 1996).  Here, the evidence of a willful default is overwhelming. And while Channel One's letter lists, several potential defenses in wholly conclusory fasion, some evidence is required under Rule 55 (c).  Enron Oil Corp., supra, 10 F. 3d at 98.  We respectfully submit that Channel One should be required to submit such evidence prior to vacatur of the default.

Finally, if Channel One meets the requirements of Rule 55(c), it is well settled that a condition routinely imposed in connection with granting vacatur of a default is an award of the plaintiff's reasonable attorney's fees and costs incurred as a result of the default.  Filo Promotions, Inc. v. Bathtub Gins, Inc., 311 F.Supp.3d 645,647 (S.D.N.Y. 2018) (awarding fees and costs). An award of attorneys' fees and costs does not require a finding of willfulness on behalf of the defaulting party.  RLS Assoc., LLC v. The United Bank of Kuwait, PLC, No.01-CV-1290, 2002 WL 122927, at*8 (S.D.N.Y. 2002) (awarding costs incurred due to unnecessary burden of applying for a default judgment).  At a minimum, any vacatur of the default should be conditioned on payment of Dr. Goldfarb's reasonable attorney's fees and costs in seeking a default.

We are, of course, available for a conference if Your Honor believes that would be useful.

Respectfully submitted,

*Bertrand Sellier*

Bertrand Sellier

BCS:als
3365
cc:     Kendall E. Wangsgard (via email)
        David B. Rivkin, Jr. (via email)