IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

**ALEX GOLDFARB**,

                   Plaintiff,

v.                                     Case No. 1:18-cv-08128-DAB

**CHANNEL ONE RUSSIA and**
**RT AMERICA, a.k.a. ANO TV-NOVOSTI**,

                   Defendants

-----------------------------------------------------------------x

**DECLARATION OF SERGEY S. SOKOLOV**
**IN SUPPORT OF CHANNEL ONE RUSSIA'S MOTION TO DISMISS**

I, Sergey S. Sokolov, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1.     I am a Managing Director of Russian Practice of M&S Law, LLC d/b/a Marks & Sokolov, LLC ("M&S"), a law firm with offices in Moscow, the Russian Federation, and Philadelphia, the United States of America. I graduated from the Law School of St. Petersburg State University, summa cum laude, in 1993. I also received a bachelor's degree from the School of Economics at St. Petersburg State University. I have 25 years of experience in legal practice. I prepared expert opinions on Russian law in *Belikov v. Huhs* heard in the Superior Court of the State of Washington, *Sullivan and Cromwell LLP v. James C. Justice II, et al.,* AAA case 01-15-0002-9299, *In Re the Application of Natalia Potanina for an Order to Take Discovery Pursuant to 28 USC 1782(a)*, 14-MC-31 (LAP) 14-MC-57 (LAP) heard in the United States District Court for the Southern District of New York. Additionally, I provided a declaration concerning Russian law in connection with the Chapter 15 petition for recognition of

1

the Russian insolvency proceeding in re the Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd., see *In re Foreign Economic Industrial Bank Limited, "Vneshprombank" Ltd.*, Case No. 16-13534-mkv (Bankr. S.D.N.Y.); a declaration concerning Russian law in connection with the Chapter 15 petition for recognition of the Russian insolvency proceeding in re *Ms. Natalia Pirogova*, see *In re Natalia Pirogova*, Case No 18-10870 (SCC) (Bankr. S.D.N.Y.); a declaration concerning Russian law in connection with the Chapter 15 petition for recognition of the Russian insolvency proceeding in re *Ms. Larisa Markus*, see *In re Larisa Markus*, Case No 19-10096 (MKV) (Bankr. S.D.N.Y.); and an expert declaration in connection with a foreign representative's motion to recognize a Russian court decision in the Chapter 15 proceeding of Sergey Petrovich Poymanov in the United States Bankruptcy Court for the Southern District of New York, see *In re Sergey Petrovich Poymanov*, Case No. 17-10516-mkv, Dkt. No. 88 (Bankr. S.D.N.Y.).   I have also prepared expert opinions on Russian law in confidential arbitrations.   I maintain a practice in litigation, M&A, commercial real estate, international trade and bankruptcy.

2.      Although my native language is Russian, I am fluent in English, and have elected to execute and submit this declaration in English.

3.      I submit this declaration in support of Channel One Russia's Motion to Dismiss filed contemporaneously herewith.

4.      This declaration is comprised of matters that are statements of legal opinion and/or statements of fact.   Where the statements are legal opinion, such statements represent my view of Russian law as a practicing lawyer.   To the extent the statements are statements of fact, they are statements based upon my personal knowledge or based upon documents and/or information publicly available.

I.      **OVERVIEW OF RUSSIAN LEGAL SYSTEM**

5.      Russia is a civil law country. Generally, the sources of law are the Russian Constitution, codes and laws adopted by the legislature. Decisions issued by the Russian Supreme Court are binding for commercial (arbitrazh) courts and courts of general jurisdiction and decisions issued by the Russian Constitutional Court are binding for all the courts.

6.      The Russian Civil Code is the main source of civil law for the Russian Federation setting forth basic legal principles of the civil law.  The Civil Code is composed of four parts: Part I of the Civil Code deals with general provisions of Russian civil law; Part II deals with the obligations; Part III deals with succession and international private law and Part IV deals with intellectual property.

7.      There are 3 branches of courts in Russia:

   1)  constitutional courts, that are comprised of the Constitutional Court of the Russian Federation and constitutional courts of regions of the Russian Federation. The Constitutional Court of the Russian Federation interprets the Constitution of the Russian Federation, decides cases on conformity of federal laws and certain other legislative acts to the Constitution, etc. Regional constitutional courts interpret the constitutions (charters) of regions of the Russian Federation, decide cases on conformity of regional normative acts to the regional constitutions (charters), etc.

   2)  courts of general (ordinary) jurisdiction, that decide disputes arising from civil, family, labor, residential, land, ecological and other legal relations.

       The procedural rules for courts of general jurisdiction are set forth by Civil Procedural Code of the Russian Federation No. 138-FZ of November 14, 2002, as amended (the "CPC").

   3)  arbitrazh (commercial) courts decide economic disputes and try other cases with the participation of organizations which are legal entities, or citizens engaged in business activities

without forming a legal entity and having the status of an individual businessman obtained in the procedure established by laws (hereinafter referred to as "individual businessmen"), and in the instances provided for by federal laws, with the participation of the Russian Federation, the subjects of the Russian Federation, municipal formations, state bodies, bodies of local self-government, other bodies, officials, and formations which do not have the status of a legal entity, and citizens which do not have the status of an individual businessman.

8.      The procedural rules for arbitrazh courts are set forth by Arbitrazh Procedural Code of the Russian Federation No 95-FZ of July 24, 2002, as amended (the "APC").

9.      Arbitrazh courts consider claims for protection of business reputation between legal entities and individual businessmen. Arbitrazh courts also consider claims for protection of business reputation in the sphere of business and other economic activity, no matter who are the parties to legal relations that respective dispute arose from. Specifically, APC, Article 27, Part 6, Section 7 provides:

> "No matter whether the parties to the legal relations, that a dispute or a claim arose from, are legal entities, individual businessmen or other organizations and citizens, arbitrazh courts shall consider cases on protection of business reputation in the sphere of business and other economic activity."

10.      All other disputes regarding protection of honor, dignity and business reputation shall be considered by the courts of general jurisdiction.

## II.      CHANNEL ONE RUSSIA IS AMENABLE TO SUIT IN RUSSIA

11.      CPC contains the general rule that the claims shall be instituted in the court at the place of residence of the defendant. Specifically, Article 28 of the CPC provides:

"A claim shall be instituted in the court at the place of residence of the defendant. A claim against an organization shall be instituted at the place of location of the organization."

12.     Similar rule is contained in the APC. Particularly, Article 35 of the APC reads:

"A claim shall be filed in the arbitrazh court against the subject of the Russian Federation at the place of location or place of residence of the defendant."

13.     Defendant Channel One Russia ("Channel One") is a Joint-Stock Company formed under the laws of the Russian Federation with its principal place of business in Moscow, the Russian Federation. This fact is confirmed by the publicly available data in the Russian Unified Register of Legal Entities.

14.     Channel One is, therefore, amenable to suit in Russia by a competent Russian court.

III.    **RUSSIAN COURTS ENTERTAIN CLAIMS FOR DEFAMATION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

15.     Russian Civil Code of the Russian Federation (part one) No 51-FZ of November 11, 1994, as amended ("Civil Code") does contain rules on compensation for moral harm and on protection of the honor, dignity and business reputation (Articles 151 and 152 of the Civil Code respectively). As part of the ongoing reform of the Civil Code, Article 152 of the Civil Code was significantly revised by Federal law No 142-FZ dated July 2, 2013 and now contains much more detailed rules on protection of the honor, dignity and business reputation, that reflect development of case law and legal doctrine.

16.     Civil Code, Article 151 reads as follows:

"Article 151. Compensation for the Moral Harm

5

If the citizen has been inflicted a moral harm (the physical or moral sufferings) by the actions, violating his personal non-property rights or infringing upon non-material values in his possession, and also in the other law-stipulated cases, the court may impose upon the culprit the duty to pay out the monetary compensation for the said harm.

When determining the size of compensation for the moral harm, the court shall take into consideration the extent of the culprit's guilt and the other circumstances, worthy of attention. The court shall also take into account the depth of the physical and moral suffering, connected with the individual features of a citizen, on whom the harm has been inflicted."

17.    Civil Code, Article 152 reads as follows:

"Article 152. Protection of Honor, Dignity and Business Reputation

1. A citizen is entitled to demand in court the refutation of information defaming his honor, dignity or business reputation, unless the person who disseminated such information proves that it corresponds to reality. The refutation shall be made in the same manner as the one used to disseminate the information about the citizen or in another similar manner.

On the demand of persons concerned, the protection of a citizen's honor, dignity and business reputation is also admissible after his death.

2. Information defaming the honor, dignity or business reputation of a citizen which has been disseminated in mass media shall be refuted in the same mass media. Apart from the refutation, the citizen in respect of which the said information has been

disseminated in the mass media is entitled to demand the publication of his reply in the same mass media.

3. If information defaming the honor, dignity or business reputation of a citizen is contained in a document issued by an organization, such document is subject to replacement or revocation.

4. In cases when information defaming the honor, dignity or business reputation of a citizen has become broadly known and accordingly refutation cannot be brought to everyone's notice, the citizen is entitled to demand the deletion of the relevant information and also the stopping or prohibition of the further dissemination of the said information by means of seizure and destruction without any compensation whatsoever for the copies of material media bearing the said information which have been manufactured for putting them into civil circulation, unless the deletion of the relevant information can be done without the destruction of such copies of material media.

5. If after being disseminated information defaming the honor, dignity or business reputation of a citizen has become available on the Internet the citizen is entitled to demand the deletion of the relevant information and also the refutation of said information in a manner making sure the refutation is brought to the notice of users of the Internet.

6. In cases other than the ones specified in Items 2-5 of the present article the procedure for refuting information defaming the honor, dignity or business reputation of a citizen shall be established by a court.

7. The imposition of sanctions to a wrongdoer for default on the performance of a

court's decision shall not relieve him of the duty to commit the action envisaged by the court's decision.

8. If the person that has disseminated information defaming the honor, dignity or business reputation of a citizen cannot be identified, the citizen in respect of whom such information has been disseminated is entitled to file an application with a court for deeming the information disseminated as not corresponding to reality.

9. A citizen in respect of whom information defaming his honor, dignity or business reputation has been disseminated is entitled to demand – apart from the refutation of such information or publication of his reply – compensation for the losses and compensation for the moral harm which have been inflicted by the dissemination of such information.

10. The rules of Items 1 - 9 of the present article, save the provisions concerning compensation for moral harm, may be applied by a court also to the cases of dissemination of any information about a citizen not corresponding to reality, if such citizen proves that the said information does not correspond to reality. The period of limitation for claims filed in connection with the dissemination of the said information in mass media is one year after the date of publication of such information in the relevant mass media.

11. The rules of the present article for protection of business reputation of a citizen, save the provisions concerning compensation for moral harm, are applicable to the protection of business reputation of a legal entity respectively."

18.    Article 151 is a general cause of action for moral harm, analogous to the U.S. cause of action for intentional infliction of emotional distress. Article 152 is a cause of action for

defamation, analogous to the U.S. cause of action for defamation. Plaintiff in defamation action is entitled to various remedies such as retraction, damages as well as compensation for the moral harm under Article 151.

19. Russian courts routinely consider hundreds and thousands of cases on compensation for moral harm and on protection of honor, dignity and business reputation. The Supreme Court of the Russian Federation and the Supreme Arbitrazh Court of the Russian Federation (before the latter was abolished as a result of amendments introduced into the Constitution of Russia) issued several binding decrees and reviews of case law on disputes regarding compensation of moral harm and protection of honor, dignity and business reputation, namely:

1) Decree of the Plenum of the Supreme Court of the Russian Federation No 10 dated December 20, 1994 "Certain issues of application of legislation on compensation for moral harm" (as amended);

2) Information letter of the Presidium of the Supreme Arbitrazh Court No 46 dated September 23, 1999 "Review of practice of resolving by the arbitrazh courts of disputes connected with protection of business reputation";

3) Decree of the Plenum of the Supreme Court of the Russian Federation No 3 dated February 24, 2005 "On case law on protection of honor and dignity of citizens and business reputation of citizens and legal entities"

4) "Review of case law on disputes on protection of honor, dignity and business reputation" approved by the Presidium of the Supreme Court of the Russian Federation on March 16, 2016.

20.     Particularly, in the "Review of case law on disputes on protection of honor, dignity and business reputation" approved by the Presidium of the Supreme Court of the Russian Federation on March 16, 2016, the Supreme Court noted that court statistics data confirms that the number of such cases tried annually in the courts of general jurisdiction, as well as in the arbitrazh courts resolving disputes on protection of business reputation in the sphere of business and other economic activity, is stable. On average, 5 000 such cases are tried annually by the courts of general jurisdiction and 800 cases are tried by the arbitrazh court.

21.     Therefore, Russian courts routinely resolve disputes on protection of honor, dignity and business reputation and on compensation of moral harm.

22.     According to the official website of the arbitrazh courts of the Russian Federation (http://kad.arbitr.ru/) in 2018 there were more than 20 cases initiated by the arbitrazh courts against Channel One as defendant. In 2017 there were also more than 20 cases initiated against Channel One in the arbitrazh courts.

23.     Therefore, any claims on protection of honor, dignity and business reputation, as well as on compensation of the moral harm against Channel One can undoubtedly be filed to, and properly considered by, a competent Russian court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of April, 2019 in Moscow, Russia.

_____

Sergey S. Sokolov