UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                      :

ALEX GOLDFARB,                                        :       Index No. 1:18-cv-08128(VEC)

                      Plaintiff,                    :

             v.                                   :

CHANNEL ONE RUSSIA AND RT AMERICA a.k.a.              :
ANO TV-NOVOSTI,
                  Defendants.                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO RECONSIDER**


ROTTENBERG LIPMAN RICH, P.C.
230 Park Avenue, 18th Floor
New York, New York 10169
T: (212) 661-3080
F: (646) 203-0281
Attorneys for Plaintiff Alex Goldfarb

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT .................................................................................................................... 1

I.   CHANNEL ONE'S MOTION DOES NOT SATISFY THE STANDARDS
     GOVERNING MOTIONS FOR RECONSIDERATION ..................................... 1

II.  THIS COURT SHOULD NOT RECONSIDER ITS *FORUM NON
     CONVENIENS* DECISION ................................................................................. 3

III. THIS COURT SHOULD NOT RECONSIDER ITS DECISION
     THAT JURISDICTION IS PROPER UNDER
     NEW YORK'S LONG ARM STATUTE ............................................................. 6

IV.  THIS COURT SHOULD NOT RECONSIDER ITS DECISION
     THAT JURISDICTION IS PROPER UNDER THE DUE PROCESS CLAUSE ........... 15

V.   THIS COURT SHOULD NOT CERTIFY AN INTERLOCUTORY
     APPEAL UNDER 28 U.S.C. § 1292(b) ............................................................. 17

     A. The § 1292(b) Standards Presumptively Disfavor Certification ..................... 17

     B. No "Pure" Questions of Law are Presented ..................................................... 18

     C. Mere Disagreement with the Court's Ruling Does Not Meet the Standard ..................... 20

CONCLUSION ................................................................................................................. 22

TABLE OF AUTHORITIES

**Cases**

*Abortion Rights Mobilization, Inc. v. Regan*,
552 F. Supp. 364 (S.D.N.Y. 1982)..............................................................................17, 18 , 20

*Best Van Lines, Inc. v. Walker*,
490 F.3d 239 (2d Cir. 2007).................................................................................................8, 10

*Biro v. Nast*,
No. 11 CIV. 4442 JPO, 2012 WL 3262770 (S.D.N.Y. Aug. 10, 2012) ............................7, 11, 12

*Cabiri v. Assasie-Gyimah*,
921 F. Supp. 1189 (S.D.N.Y. 1996)..........................................................................................5

*Carlenstolpe v. Merck & Co., Inc.*,
1986 WL 11454 (S.D.N.Y.)....................................................................................................22

*Century Pac., Inc. v. Hilton Hotels Corp.*,
574 F. Supp. 2d 369 (S.D.N.Y. 2008)................................................................................17, 18

*CutCo Indus., Inc. v. Naughton*,
806 F.2d 3615 (2d Cir.1986)...............................................................................................7, 16

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
No. 11–CV5994(CM), 2012 WL 2952929 (S.D.N.Y. July 18, 2012).........................................20

*Doe v. Exxon Mobil Corp.*,
393 F.Supp.2d 20 (D.D.C.2005) ..............................................................................................5

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
722 F.3d 81 (2d Cir. 2013)......................................................................................................7

*Flor v. BOT Fin. Corp.*,
79 F.3d 281 (2d Cir.1996).....................................................................................................17

*Garber v. Office of the Comm'r of Baseball*,
120 F.Supp.3d 334 (S.D.N.Y. 2014).......................................................................................18

*Gertz v. Robert Welch, Inc.*,
418 U.S. 323 (1974).............................................................................................................14

*Gramercy Advisors, LLC v. Ripley*,
2004 WL 5847444, No. 13-CV-9079 (S.D.N.Y. 2014) (Caproni, J.)...................................1, 2, 20

*Green v. City of New York*,
No. 05-CV-0429 DLI ETB, 2006 WL 2516468 (E.D.N.Y. Aug. 29, 2006) .............................. 10

*Grove Press, Inc. v. Angleton*,
649 F.2d 121 (2d Cir.1981).................................................................................................... 16

*Harrell v. Joshi*,
14-CV-7246, 2015 WL 9275683, (S.D.N.Y. December 18, 2005) (Caproni, J.) ......................... 2

*Hecklerco, LLC v. YuuZoo Corp.*,
258 F.Supp.3d 350 (S.D.N.Y. 2017)................................................................................ 20,  21

*In re Ambac Financial Group Sec. Litig.*,
693 F. Supp. 2d 241 (S.D.N.Y. 2010)........................................................................................ 20

*In re Citigroup Pension Plan ERISA Litig.*,
No. 05–CV–5296(SAS), 2007 WL 1074912 (S.D.N.Y. Apr. 4, 2007) ...................................... 20

*In re Houbigant, Inc.*,
914 F. Supp. 997 (S.D.N.Y. 1996)............................................................................................... 3

*In re Levine*,
No. 94-44257, 2004 WL 764709 (S.D.N.Y. Apr. 9, 2004). ....................................................... 21

*In re Lloyd's Am. Trust Fund Litig.*,
1997 WL 458739 (S.D.N.Y. Aug. 12, 1997) .............................................................................. 18

*In re Trace Int'l Holdings, Inc.*,
No. 04–CV1295 (KMW), 2009 WL 3398515 (S.D.N.Y. Oct. 21, 2009)...................................... 20

*In re Worldcom, Inc.*,
No. M-47 HB, 2003 WL 21498904 (S.D.N.Y. June 30, 2003) .................................................... 18

*Indergit v. Rite Aid Corporation*,
52 F.Supp.3d 522 (S.D.N.Y. 2014).......................................................................................... 1, 10

*Iragorri v. United Techs. Corp.*,
274 F.3d 65 (2d Cir. 2001)............................................................................................................ 4

*J. McIntyre Machinery, Ltd. v. Nicastro*,
564 U.S. 873 (2011)..................................................................................................................... 15

*Klinghoffer v. S.N.C. Achille Lauro*,
921 F.2d 21 (2d Cir. 1990)........................................................................................................... 18

*Koehler v. Bank of Bermuda Ltd.*,
101 F.3d 863 (2d Cir. 1996)..................................................................................... 17, 19

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*,
729 F.3d 99 (2d Cir.2013).......................................................................................... 2

*Legros v. Irving*,
327 N.Y.S.2d 371 (1'st Dep't 1971) ...................................................................... 10, 11

*Louis Marx & Co. v. Fuji Seiko Co., Ltd.*,
453 F.Supp. 385 (S.D.N.Y.1978)................................................................................ 16

*McCullagh v. Merrill Lynch & Co.*,
No. 01 Civ. 7322 DAB, 2004 WL 744484 (S.D.N.Y. Apr. 7, 2004) ............................. 3

*McGraw-Hill Global Education Holdings, LLC v. Mathrani*,
293 F. Supp. 3d 394 (S.D.N.Y. 2018)................................................... 1, 18, 19, 20

*McNeil v. Aguilos*,
820 F.Supp. 77 (S.D.N.Y. 1993)................................................................................ 22

*National Cathode Corp. v. Mexus Co.*,
855 F.Supp. 644 (S.D.N.Y.1994)................................................................................ 8

*Neske v. New York Department of Education*,
19-CV-2933, 2019 WL 5865245 (S.D.N.Y. Nov. 7, 2019) (Caproni, J.)...................... 2

*Olnick and Sons v. Diimpster Bros., Inc.*,
365 F.2d 439 (2d Cir. 1966)....................................................................................... 22

*Picard v. Estate of Madoff*,
464 B.R. 578 (S.D.N.Y. 2011).................................................................................... 18

*Pilates, Inc. v. Pilates Inst., Inc.*,
891 F.Supp. 175 (S.D.N.Y.1995)............................................................................ 7, 8

*Plaza Realty Investors v. Bailey*,
484 F.Supp. 335 (S.D.N.Y.1979)................................................................................ 16

*Rafter v. Liddle*,
288 F. App'x 768 (2d Cir. 2008) ................................................................................. 2

*Rasoulzadeh v. Associated Press*,
574 F. Supp. 854 (S.D.N.Y. 1983).............................................................................. 4

iv

*Retail Pipeline, LLC v. JDA Software Group, Inc.*,
Case No. 2:17–cv–00067, 2018 WL 2298355 (D. Vt. May 21, 2018) ........................................ 20

*Rosenblatt v. Baer*,
383 U.S. 75 (1966) ............................................................................................................ 15

*Rustal Trading US, Inc. v. Makki*,
17 F. App'x 331 (6th Cir. 2001) ............................................................................................. 5

*SEC v. First Jersey Securities*,
587 F. Supp. 535 (S.D.N.Y. 1984) ......................................................................................... 20

*SEC v. Gruss*,
No. 11-Civ.-2420, 2012 WL 3306166 (S.D.N.Y. Aug. 13, 2012) ......................................... 17, 18

*Shamoun v. Mushlin*,
No. 12 CIV. 3541(AJN), 2014 WL 12776779 (S.D.N.Y. Mar. 26, 2014) .......................... 8, 9, 12

*Shovah v. Mercure*,
2013 WL 5934310 (D. Vt. Nov. 5, 2013) ................................................................................ 19

*SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*,
No. 06-Civ.-15375 (KMK), 2007 WL 1119753 (S.D.N.Y. Apr. 12, 2007) ............................... 20

*St. Paul Fire & Marine Ins. Co. v. Eliahu Ins. Co.*,
No. 96 CIV. 7269 (MBM), 1997 WL 357989 (S.D.N.Y. June 26, 1997) .................................... 7

*Symmetra Pty Ltd. v. Human Facets*, LLC,
No. 12-CV-8857, 2013 WL 2896876 (S.D.N.Y. June 13, 2013) ................................................ 13

*Trisvan v. Heyman*,
305 F. Supp. 3d 381 (E.D.N.Y. 2018) ....................................................................................... 7

*U.S. v. Bari*,
599 F.3d 176 (2d Cir.2010) ...................................................................................................... 5

*Virgin Atlantic Airways, Ltd. v. National Mediation Board.*,
956 F.2d 1245 (2d Cir.1992) ..................................................................................................... 2

*Whitaker v. Am. Telecasting, Inc.*,
261 F.3d 196 (2d Cir.2001) ....................................................................................................... 8

*World Trade Center*,
469 F. Supp. 2d 145 ................................................................................................................. 20

*Wye Oak Tech., Inc. v. Republic of Iraq*,
941 F. Supp. 2d 53 (D.D.C. 2013) ........................................................................ 5

*Youngers v. Virtus Inv. Partners Inc.*,
228 F.Supp.3d 295 (S.D.N.Y. 2017) ...................................................................... 18

**Statutes**

28 U.S.C. §1292(b) ................................................................................................. 1

Federal Rule of Evidence 201 ................................................................................ 6

**Rules**

CPLR § 302(a)(1) ............................................................................................. 6, 16

## PRELIMINARY STATEMENT

Plaintiff Alex Goldfarb respectfully submits this memorandum of law in opposition to the motions of defendants Channel One Russia ("Channel One") and RT America, a.k.a. ANO-TV-Novosti ("RT America") for reconsideration of this Court's Opinion and Order dated March 4, 2020 (the "Opinion"), or in the alternative for certification of the Opinion for interlocutory appeal pursuant to 28 U.S.C. §1292(b). [1]   Defendants' submissions fail to meet the minimal threshold requirements for such motions, as they are simply run-of-the mill and meritless applications for "do-overs."   The issues, precedents and arguments presented in the motions for reconsideration were previously presented to, and carefully considered by, this Court.  The positions advanced by Channel One and RT America "constitute nothing more than disagreement with this Court's explication of the relevant legal standards and application of the standards to the facts of this case." *McGraw-Hill Global Education Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018), *citing Indergit v. Rite Aid Corporation*, 52 F.Supp.3d 522, 523 (S.D.N.Y. 2014). And, among other things, there are no "pure" questions of law presented of the sort that, in extremely rare circumstances, might justify an interlocutory appeal.

## ARGUMENT

## I.  CHANNEL ONE'S MOTION DOES NOT SATISFY THE STANDARDS GOVERNING MOTIONS FOR RECONSDERATION

As this Court  explained in *Gramercy Advisors, LLC v. Ripley*, 2004 WL 5847444, No. 13-CV-9079 (S.D.N.Y. 2014) (Caproni, J.), "'A motion for reconsideration should be granted only

---

[1] Channel One submitted the primary Memorandum of Law in support of the pending Motions to Reconsider or Certify an Interlocutory Appeal. RT America's Memorandum of Law hitches itself to Channel One, arguing that if this Court reverses itself as to Channel One, it should also do so as to RT America. *RT Memorandum* at 2, 4.  For simplicity, Goldfarb's responses to both motions are consolidated here.

when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.*, quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trus*t, 729 F.3d 99, 104 (2d Cir.2013), *quoting in turn*, *Virgin Atlantic Airways, Ltd. v. National Mediation Board*., 956 F.2d 1245, 1255 (2d Cir.1992). "These requirements are not to be taken lightly." *Gramercy Advisors* at *1. "'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Harrell v. Joshi,* 14-CV-7246, 2015 WL 9275683, (S.D.N.Y. December 18, 2005) (Caproni, J.), *quoting Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008).

"A motion for reconsideration is thus a tough row to hoe, and the Defendants' plough is not up for the task." *Gramercy* at *1. Notwithstanding Channel One's protestations, in the interregnum between the original filing of the motions to dismiss and this Court's ruling, there has been no change in law and no new interpretations of the governing principles from the Second Circuit, or other decisions of this Court. The cases upon which Channel One relies were discussed at length in this Court's original opinion. This is nothing more than an attempt "to relitigate settled issues, without pointing to any controlling law or fact that the Court overlooked when issuing the original decision." *Neske v. New York Department of Education*, 19-CV-2933, 2019 WL 5865245 at *4 (S.D.N.Y. Nov. 7, 2019) (Caproni, J.). Channel One has merely "repackage[d] arguments addressed by the Court's prior opinion." *Gramercy* at *1. "In the absence of any new evidence or new legal authorities, Defendants have not articulated a basis for the Court to reconsider its prior decision." *Id.* at *2.

## II.   THIS COURT SHOULD NOT RECONSIDER ITS *FORUM NON CONVENIENS* DECISION

Channel One's attack on this Court's denial of its motion to dismiss on *forum non conveniens* grounds is a rehash of its prior arguments.  But a motion for reconsideration "is not one in which a party may reargue 'those issues already considered when a party does not like the way the original motion was resolved."' *McCullagh v. Merrill Lynch & Co.*, No. 01 Civ. 7322 DAB, 2004 WL 744484, at *1 (S.D.N.Y. Apr. 7, 2004). *quoting In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

Channel One repeats its prior assertion that  Goldfarb's choice of a New York forum is not entitled to respect because New Jersey is his home.  This is nothing more than an attempt to relitigate this Court's sound conclusion that for *forum non conveniens* purposes any federal district in which a foreign entity is subject to jurisdiction is the "home forum" for an American plaintiff. This Court's initial ruling thus engaged and *rejected* the very argument Channel One now asserts a second time.  Channel One's argument was legally wrong in the first round, and it remains legally wrong now.  As this Court explained:

> Because one of the factors that "necessarily affects a plaintiff's choice of forum is the need to sue in a place where the defendant is amenable to suit," courts do not "withhold deference for the plaintiff's choice merely because she did not sue in her home district." *Iragorri*, 274 F.3d at 71-73 (explaining that it would "make little sense to withhold deference" for a "hypothetical plaintiff residing in New Jersey, who brought suit in the Southern District of New York, barely an hour's drive from the plaintiff's residence, because the defendant was amenable to suit in the Southern District but not in New Jersey."); *Guidi v. Inter-Continental Hotels Corp*, 224 F.3d 142, 146 (2d Cir. 2000) (the "home forum" of an American citizen for forum non conveniens purposes is any "United States court").

*Opinion* at 7.  Yet Channel One barrels forward, blithely ignoring this precedent, and this Court's analysis, as if none of it matters.  Channel One's failure to grapple with or distinguish *Iragorri v.*

*United Techs. Corp.*, 274 F.3d 65, 73–74 (2d Cir. 2001) (en banc) is particularly disturbing, as this Court's cited language from *Iragorri* stands squarely against Channel One's assertion.

Channel One contests the validity of this Court's legal conclusion that "a court may decline to dismiss on FNC grounds if the proposed alternative forum would be dangerous for the plaintiff." *Court's Order* at 8. Channel One further contests the validity of this Court's factual finding that Goldfarb has plausibly asserted that such danger to him does exist in Russia. Channel One thus argues that this key passage in the Court's Order is factually erroneous and the Court should now reverse itself:

> The Court credits Plaintiff's purported fear of returning to Russia, including concerns that he would be imprisoned or physically harmed.9 Goldfarb Aff., Dkt. 63 ¶¶ 4-7. Plaintiff's fears are supported by Yuri Shvets, a former KGB agent who was granted political asylum in the United States and has served as an expert on Russia and Ukraine in numerous federal and immigration court cases. Shvets Aff., Dkt. 65 ¶¶ 1-4. Shvets states that Plaintiff's activities "exposing grave crimes committed by the top representatives of the Putin regime earn him a place near the top of the FSB's enemy list" and that his "life and/or freedom would be in grave danger if he enters Russia." Id. ¶ 19. In short, Russia is not an adequate alternative forum to resolve Plaintiff's claims.

*Opinion* at 9.

Channel One is wrong on the law, and wrong on the facts. Channel One makes the extreme claim that a forum may be deemed inadequate *only* if a plaintiff points to "credible evidence that the plaintiff has been threatened or experienced past harm there." *Channel One Memorandum* at 19. Channel One's legal position is that unless Goldfarb can claim that Russia threatened him in the past, he's now required to take his chances. This is not the law, and the cases cited by Channel One, all of which were cited in the opinion of this Court, stand for no such extreme proposition.

The cases invoked by Channel One, all of which were analyzed and relied upon in the Opinion, do not impose any such draconian requirement. No such showing existed in *Rasoulzadeh v. Associated Press*, 574 F. Supp. 854, 861 (S.D.N.Y. 1983), where the court expressed the concern

that the plaintiffs would be harmed in the future if forced to litigate in Iran. No such showing was required by the Sixth Circuit in *Rustal Trading US, Inc. v. Makki*, 17 F. App'x 331, 335 (6th Cir. 2001), in which the court stated that "a well-founded *fear* of persecution . . .may render the forum inadequate." In *Cabiri v. Assasie-Gyimah*, 921 F. Supp. 1189 (S.D.N.Y. 1996), the plaintiff had previously been harmed in Ghana, as Channel One correctly points out, but nothing in decision in *Cabiri* describes that prior harm as a *sine qua non* to the grant of *forum non conveniens* relief; to the contrary, the court articulated its reasoning in far broader language, observing that "to force plaintiff to bring this action in Ghana would unnecessarily put him in harm's way." *Id*. at 1199. *See also Wye Oak Tech., Inc. v. Republic of Iraq*, 941 F. Supp. 2d 53, 57–58 (D.D.C. 2013) (a "court will not force plaintiffs to litigate in a forum where they would face a particularized and "serious risk to their safety."); *Doe v. Exxon Mobil Corp.*, 393 F.Supp.2d 20, 29 (D.D.C.2005) (dismissal for *forum non conveniens* denied where plaintiffs showed that they faced "a genuine risk of reprisals" if they litigated in Indonesia against the military).

Factually, this Court has already rejected Channel One's breezy confidence that Goldfarb has nothing to fear if he were to travel to Russia. Channel One asserts that this Court erred because since Goldfarb was willing to travel to Russia in 2013 his allegations of fear at this time cannot be deemed credible. But this is 2020, not 2013. As set forth in paragraph 111 of the Complaint and paragraph 6 of his May 9, 2019 affidavit, the Federal Bureau of Investigation (the "FBI") has informed him that he may be a target for Russian action in the United States. Given the concern expressed to Goldfarb by the FBI about his safety in this country, it is Channel One's contention that he should assert his claims in a Russian forum that lacks credibility.[2]

---

[2] This Court can take judicial notice of the facts beyond reasonable dispute that in 2013 Russia was preparing to host the 2014 winter Olympics, and therefore was attempting to show a kinder face to the world, for example by pardoning Mikhail Khodorkovsky and members of the rock group Pussy Riot. *See U.S. v. Bari*, 599 F.3d 176, 180-81 (2d Cir.2010) (encouraging use of the internet to establish facts that are not subject to reasonable dispute by judicial notice

In any event, this Court cited the relevant evidence establishing that Goldfarb's accusations against the top representatives of the Vladimir Putin regime "earn him a place near the top of the FSB's enemy list" and that his "life and/or freedom would be in grave danger if he enters Russia." *Opinion* at 9. This Court also correctly cited the law governing how these assertions must be treated:

> On a motion to dismiss for *forum non conveniens*, a court must accept the facts alleged in the complaint as true. *See, e.g., Aguas Lenders Recovery Grp. LLC v. Suez, S.A.*, 585 F.3d 696, 697 (2d Cir. 2009). The court may also consider certain evidence outside the pleadings, including affidavits. *See id.* at 697–98 n.1; *RIGroup LLC v. Trefonisco Mgmt. Ltd.*, 949 F. Supp. 2d 546, 549 (S.D.N.Y. 2013), aff'd, 559 F. App'x 58 (2d Cir. 2014).

*Opinion* at 9, n. 9.

In sum, this Court was correct in its original rejection of Channel One's *forum non conveniens* motion. Its decision remains correct, and nothing Channel One has set forth meets the standards required to support reconsideration.

## III.     THIS COURT SHOULD NOT RECONSIDER ITS DECISION THAT JURISDICTION IS PROPER UNDER NEW YORK'S LONG ARM STATUTE

Channel One claims that this Court should reconsider its decision subjecting it to specific personal jurisdiction pursuant to New York's long arm statute, CPLR § 302(a)(1).

Channel One heavily relies on the erroneous argument that the Court must ignore the crucial role of Channel One Russia Worldwide ("CORW") as Channel One's agent. Channel One claims that this Court committed error in relying on Goldfarb's submissions in response to the Motion to Dismiss, as if this somehow constituted an impermissible amendment to Goldfarb's

---

pursuant to Federal Rule of Evidence 201). Nor does this Court have to blind itself to the facts not subject to reasonable dispute concerning the stark political repression that emerged after Russia's invasion of Crimea in 2014 and the resulting Western sanctions.

Complaint.  *See Opinion* at 15, *citing* Pl. Mem. of Law, Dkt. 66 at 15-16; Goldfarb Aff., Dkt. 63 Exs. 3-7.

Channel One's procedural premises are mistaken.  The Federal Rules of Civil Procedure do not require jurisdiction to be pled with any exacting particularity, and when personal jurisdiction is challenged by a defendant, district courts routinely, as they must, consider submissions outside the complaint.  "In resolving a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), a district court may consider materials outside the pleadings." *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 391 (E.D.N.Y. 2018), *citing Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013). "Because a motion to dismiss pursuant to Rule 12(b)(2) based on lack of personal jurisdiction is 'inherently a matter requiring the resolution of factual issues outside of the pleadings . . . all pertinent documentation submitted by the parties may be considered in deciding the motion.'" *St. Paul Fire & Marine Ins. Co. v. Eliahu Ins. Co.*, No. 96 CIV. 7269 (MBM), 1997 WL 357989, at *1 (S.D.N.Y. June 26, 1997), *aff'd*, 152 F.3d 920 (2d Cir. 1998), *quoting Pilates, Inc. v. Pilates Inst., Inc.*, 891 F.Supp. 175, 178 n. 2 (S.D.N.Y.1995).  The Second Circuit has "long made clear that '[i]n deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway." *Dorchester*, 722 F.3d at 86.

It was therefore perfectly permissible for this Court to take into account "facts . . . drawn from the complaint, affidavits and documentary exhibits. . . in the light most favorable to plaintiff non-movant*." St. Paul Fire & Marine* 1997 WL 357989, at *1, *citing CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986).  "'A plaintiff can make this showing through his own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant.'" *Biro v. Nast*, No. 11 CIV. 4442 JPO, 2012 WL

3262770, at *3 (S.D.N.Y. Aug. 10, 2012), *quoting Whitaker v. Am. Telecasting, Inc.*, 261 F.3d

196, 208 (2d Cir.2001). *See also Shamoun v. Mushlin*, No. 12 CIV. 3541(AJN), 2014 WL

12776779, at *3 (S.D.N.Y. Mar. 26, 2014) ("The Court may 'consider [ ] materials outside the

pleadings ... [in deciding the] motion to dismiss for lack of personal jurisdiction.")  Moreover, in

establishing personal jurisdiction a "[p]laintiff will be found to have met his or her burden even if

the moving party makes contrary allegations that place in dispute the factual basis of plaintiff's

prima facie case." *Pilates*, 891 F. Supp. At 178, *citing National Cathode Corp. v. Mexus Co.*, 855

F.Supp. 644, 646 (S.D.N.Y.1994).

Stripped of this erroneous assertion of procedural error, the arguments advanced by

Channel One contesting this Court's jurisdictional ruling offer nothing new not already heavily

briefed by both sides and fully analyzed by the Court.  Defendants lost these arguments, and

deservedly so.

This Court certainly did not overlook the  Second Circuit's decision in *Best Van Lines, Inc.

v. Walker*, 490 F.3d 239 (2d Cir. 2007), stating that New York law requires, in cases in which out-

of-state defamatory statements are projected into New York, that the defendant's conduct also

include "something more." *Id.* at 249. Rather, this Court carefully analyzed and applied *Best Van

Lines* to the record before it, finding multiple grounds for holding that the required "something

more" is present here, including the extensive distribution of Channel One's defamatory

programming in New York through its agent CORW, the maintenance of an office and studio in

New York, and most importantly, the interview Channel One conducted with Goldfarb from its

New York studio.

In its motion for reconsideration Channel One picks at these conclusions, for the same

reasons it contested these matters before, including the far-fetched claim that these facts are not

connected to the egregious defamation campaign it launched against Goldfarb from Moscow.  The

answer this Court gave the first time remains completely sound now:

> Here, there is a substantial relationship between Channel One's conduct in New
> York and Plaintiff's claims. Channel One actively distributed the programs
> containing the allegedly defamatory statements throughout New York to paid
> subscribers through its subsidiary CORW. Moreover, Channel One interviewed
> Plaintiff in its New York studio. Channel One argues that because that interview
> never aired, it is irrelevant to Plaintiff's claims. See Channel One Mem. of Law,
> Dkt. 60 at 8-9. The Court disagrees. The interview occurred as part of Channel
> One's research for the allegedly defamatory programs, and during the interview
> Plaintiff directly contradicted statements made during Channel One's programs.
> That interview is probative of Defendant's alleged knowledge of the falsity of the
> contents of its programs and is, therefore, central to Plaintiff's libel claim. See
> *Montgomery v. Minarcin*, 263 A.D.2d 665 (3d Dep't 1999) (exercising jurisdiction
> over the creators of an allegedly defamatory television news report because the
> operative facts giving rise to plaintiff's claims occurred in New York).

*Opinion* at 17.

Disregarding the standards applicable to a motion to reconsider, Channel One had the

temerity to assert:

> The cases cited in the Court's order to support its long-arm ruling, (1) *Biro v. Nast*,
> No. 11 Civ. 4442, 2012 WL 3262770 (S.D.N.Y. Aug. 10, 2012); (2) *Shamoun v.
> Mushlin*, No. 12 Civ. 3541, 2014 WL 12776779 (S.D.N.Y. Mar. 26, 2014); (3)
> *Legros v. Irving*, 327 N.Y.S.2d 371 (1st Dep't 1971); (4) *Symmetra Pty Ltd v.
> Human Facets, LLC*, No. 12-CV-8857, 2013 WL 2896876 (S.D.N.Y. June 13,
> 2013); (5) *Trachtenberg v. Failedmessiah.com*, 43 F. Supp. 3d 198 (E.D.N.Y.
> 2014); and (6) *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp.
> 3d 219 (S.D.N.Y. 2015), *aff'd sub nom., Tannerite Sports, LLC v. NBCUniversal
> News Grp*., 864 F.3d 236 (2d Cir. 2017), support Channel One's position, not
> Plaintiff's. *See* Court's Order at 14-17.

This passage is followed by a case-by-case discussion of why Channel One maintains that

its interpretation of these cases-- all of which were cited by either Channel One or RT in their prior

motions-- is right, and this Court's interpretation is wrong.  It is difficult to imagine a more self-

destructive passage. This passage and the subsequent case-by-case discussions graphically

illustrate that Channel One's entire motion for reconsideration is grounded in advocacy that is

*never permitted* in such a motion. Rather, the motion amounts to nothing more than a plea for a "do-over" claiming that the Court's carefully analyzed application of law to fact was in error. *See Green v. City of New York*, No. 05-CV-0429 DLI ETB, 2006 WL 2516468, at *2 (E.D.N.Y. Aug. 29, 2006) ("The situation presented by defendants' motion for reconsideration is just as plaintiffs describe it in their opposition memorandum of law: "In school yard parlance, defendants' motion would be known as a request for a 'do over.' The 'do over,' and hence defendants' motion for reconsideration, is denied."); *Indergit v. Rite Aid*, 52 F.Supp.3d at 523 (a motion for reconsideration is not an opportunity "to obtain a second bite at the apple").

The fact that Defendants are impermissibly seeking a proverbial second bite at the apple suffices to deny their motion. In any event, their attack on this Court's prior reasoning is mistaken. In fact and law *all* of this Court's applications of the cases cited by Channel One were and are eminently sound.  Turning, briefly to the cases that Channel One claims this Court got wrong, consider each in turn.

This Court cited *Legros v. Irving*, 38 A.D.2d at 55-56, noting that the court had approved exercise of  jurisdiction over a defamation claim because all the significant actions culminating in the publication of the book occurred in New York, including research and printing, as well as the negotiation and execution of the publishing contract. *Opinion* at 15.  Channel One challenges this Court's cite to *Legros*, arguing that there was qualitatively more New York activity in *Legros* than here.  This sort of nitpick does not matter.  This Court *assumed* all that Channel One now presses, noting in this Court's parenthetical that *Legros* noted that "all significant actions culminating in publication" took place in New York. *Opinion* at 15.  But this Court invoked *Legros*, and the numerous other cases it cited, for the far more modest proposition that New York law supports the proposition that the "something more" required under *Best Van Lines* may be satisfied when *in*

10

*part* there is significant New York activity leading to the defamatory publication in New York: "The requirement that the Defendant do 'something more' is satisfied *when at least part* of the defamatory content was created, researched, written, developed, or produced in New York." *Id.* at 14 (emphasis added). Is *Legros* an easier case because more of the pre-publication activity occurred in New York than here? Maybe, maybe not. Is it error requiring this Court to reverse itself because *Legros* supported the proposition for which this Court cited it, though it may have been a more extreme case? Absolutely not.

Channel One next rebukes this Court for it invocation of and quotation from *Biro v. Nast*, 2012 WL 3262770, reciting that "courts have typically found long-arm jurisdiction over defamation claims where the defendant engaged in some purposeful activity within New York that was directly related to the creation of the allegedly defamatory work." *Opinion* at 14. *Biro* does not say that *all* the purposeful activity must be within New York, only that *some* of it must be. *Biro* at 2012 WL 3262770 at *13 ("It is undisputed that at least some portion of FAR's investigation of Biro took place in New York (particularly the analysis of the Parkers' painting), and that Franks traveled to New York at least once in connection with that investigation.").

Channel One does not, as it cannot, dispute the accuracy of this Court's quotation from *Biro*. The best Channel One can do is fuss over whether the "directly related" element recited in *Biro* aligns factually with the proposition that Channel One's interview of Goldfarb was "directly related" to the defamatory broadcasts here. That question has been definitively analyzed and answered by this Court. *Of course,* the interview that Goldfarb gave to Channel One was *directly related* to its broadcast. That Channel One ignored the compelling statements Goldfarb made in that interview entirely discrediting the defamatory smear campaign against Goldfarb only strengthens the required nexus, and his entire case. *See Opinion* at 14-16. Once again Channel

One argues that the intersections with New York in *Biro* were greater than in Goldfarb's case. Yet such fine factual distinctions and disagreements are not the sterner stuff required in Motions for Reconsideration.[3]

Channel One similarly complains that this Court "also misapplied *Shamoun v. Mushlin* to find a 'substantial relationship.'" *Channel One Memorandum* at 10. Channel One is wrong. This Court did not "misapply" *Shamoun*. Rather this Court merely quoted, accurately, what *Shamoun* stated: "Plaintiff must show that the defendant engaged in some purposeful activity within New York that was directly related to the creation of the allegedly defamatory work, such as research, writing, printing, or broadcasting." *Court's Opinion* at 14. In *Shamoun* this standard was not satisfied. As this Court carefully explained, however, in Goldfarb's suit against Channel One, it has been satisfied, most particularly by the interview of Goldfarb conducted in Channel One's studio in Manhattan. As this Court explained:

> Finally, and most significantly, Channel One's New York-based correspondent, Zhanna Agalakova, interviewed Plaintiff in Channel One's New York studio on March 23, 2018, in connection with several of the programs that are at issue in this case. Id. ¶ 94. Over the course of the interview, Plaintiff "gave a detailed rebuttal to Walter's accusations and to the false background narrative," and informed Ms. Agalakova that the UK inquiry had found that Lugovoy and Kovtun murdered Litvinenko. Id. Despite having Plaintiff's taped interview, Channel One broadcast the allegedly defamatory allegations that directly contradicted Plaintiff's statements in three programs in March and April 2018, all after Goldfarb's interview, without ever airing or disclosing Plaintiff's contrary statements. Thus, although Plaintiff's interview never aired, it constitutes activity in New York directly related to the creation of the allegedly defamatory statements subsequently broadcast by Channel One. *Compare Symmetra Pty Ltd. v. Human Facets*, LLC, No. 12-CV-8857, 2013 WL 2896876, at *6 (S.D.N.Y. June 13, 2013) ("jurisdiction is more likely to lie when the defendant's contacts with New York were in preparation for the defamatory statement—for example, staying in New York to research a defamatory book or news broadcast) with *Trachtenberg v. FailedMassiah.com*, 43 F. Supp. 3d 198, 202 (E.D.N.Y. 2014) (dismissing defamation claim under § 302 because defamatory content was not "based on research physically conducted in New York"). Because Plaintiff participated in an interview conducted by Channel One in New York, purportedly as part of Channel One's research or preparation for its

---

[3] *See* WILLIAM SHAKESPEARE, JULIUS CAESAR, Act III, Sc. ii ("Ambition should be made of sterner stuff.")

subsequent allegedly defamatory programs, it is subject to personal jurisdiction in New York.11 *See Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 234 (S.D.N.Y. 2015), *aff'd sub nom. Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236 (2d Cir. 2017) (dismissing a defamation case for lack of jurisdiction because, among other things, Plaintiff failed to show that employees of defendant "who assisted in the broadcast interviewed any people in New York or relied on any sources in New York in connection with the creation or broadcast of the [ ] report.").

*Court's Opinion* at 15-16.  Channel One complains that somehow this passage erroneously applied three of the cases cited within it, *Symmetra*, *Trachtenberg*, and *Tannerite*, accompanied by Channel One's own exegesis on its views of the true meaning of those precedents.

To begin with the most obvious, this Court correctly and soundly cited *Symmetra* and *Trachtenberg* as *foils* to illustrate a key pivot point, using the introductory signal "*compare*" to contrast research activity in preparation of a defamatory article that *does* have physical connection to New York (*Symmetra*) with activity that does not (*Trachtenberg*).  The comparison was made to underscore the significance of the interview of Goldfarb conducted at Channel One's New York studio on West 57th Street by Channel One's New York-based correspondent, Zhanna Agalakova. This Court cited *Tannerite* for the same purpose, to *contrast* what was missing in *Tannerite* from what was present in Goldfarb's case—activity by journalists interviewing sources in New York. And in this case, of course, it was not just *any* witness being interviewed, but plaintiff Goldfarb himself, the target of the defamatory smear Channel One was preparing.

The obvious lynchpin of Channel One's argument is its claim that the West 57th Street interview does not count for purposes of jurisdiction.. Here is what Channel One writes in its Motion for Reconsideration:

Yet, the West 57th Street facility itself bears no logical relationship—much less a "direct" or "substantial" relationship—to the content of the alleged defamatory utterances giving rise to Plaintiff's claims. It is uncontested that the comments on Channel One's television shows Plaintiff considers defamatory were uttered solely in Moscow, on shows that were entirely edited and produced in Moscow, not at the

13

> West 57th Street facility. Orlov Decl. ¶ 6, ECF 54-1; Nasonova Decl. ¶ 6, ECF 62.
> Likewise, it is uncontested that Plaintiff's interview from the West 57th Street
> facility never aired, and thus logically cannot bear a "direct" or "substantial"
> relationship in the creation of the defamatory content. Compl. ¶ 94 ("Nothing from
> this interview ever appeared on air."); id. ¶ 124 ("Channel One never used the
> interview").

*Channel One Memorandum* at 5-6.

This passage is the dagger through the heart of Channel One's motion; the argument that the West 57th Street interview does not count is *exactly* the same argument upon which Channel One relied in its initial submissions, and *exactly* the argument analyzed and rejected by this Court. *Opinion* at 17 ("Channel One argues that because that interview never aired, it is irrelevant to Plaintiff's claims. See Channel One Mem. of Law, Dkt. 60 at 8-9. The Court disagrees.")

There can be no doubt: Channel One's argument has been considered, and rejected by this Court already, and rightly so.  Yet there is a more profound problem with Channel One's argument. Goldfarb's Complaint, considered in its entirety, asserts that Channel One and RT America knowingly and intentionally set out, from the beginning, to discredit Goldfarb and assign him blame for Alexander Litvinenko's murder in order to obfuscate and deflect the consensus in the United Kingdom and the United States that the Russian government was responsible both for Litvinenko's murder and the later poisoning of former Russian military intelligence officer Sergei Skripal and his daughter in England in March 2018.  In furtherance of this malevolent campaign of character assassination, Channel One interviewed Goldfarb in Manhattan.  That Channel One never included any of Goldfarb's irrefutable statements in that interview—statements disproving the validity of the pre-conceived hit job being orchestrated against Goldfarb—cannot, in law or logic or moral principle, now be used *against* Goldfarb as he seeks redress for the reputational harm caused by Channel One's callous, knowing, and reckless disregard of Goldfarb's elemental human right to his dignity and good name.  *Gertz v. Robert Welch, Inc*., 418 U.S. 323, 341 (1974)

("The individual's right to the protection of his own good name 'reflects no more than our basic concept of the essential dignity and worth of every human being—a concept at the root of any decent system of ordered liberty. The protection of private personality, like the protection of life itself, is left primarily to the individual States under the Ninth and Tenth Amendments. But this does not mean that the right is entitled to any less recognition by this Court as a basic of our constitutional system.'"), *quoting Rosenblatt v. Baer*, 383 U.S. 75, 92 (1966) (Stewart, J., concurring).

## IV. THIS COURT SHOULD NOT RECONSIDER ITS DECISION THAT JURISDICTION IS PROPER UNDER THE DUE PROCESS CLAUSE

Channel One's argument that this Court should reconsider its decision that subjecting Channel One to jurisdiction in New York does not violate the Due Process Clause is focused entirely on the Supreme Court's decision in *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 877, (2011). Yet *McIntyre* has nothing to do with the factual paradigm here. The question posed in *McIntyre* was "[w]hether a person or entity is subject to the jurisdiction of a state court *despite not having been present in the State either at the time of suit or at the time of the alleged injury*," could be subject to jurisdiction consistent with the Due Process Clause. *Id.* at 877 (Plurality Opinion for the Court) (emphasis added). In *McIntyre*, the Court reaffirmed the elemental notion that "[p]resence within a State at the time suit commences through service of process is another example" of circumstances sufficient to establish jurisdiction. *Id.* at 877. Channel One was plainly present in New York at the time of the tortious conduct and the time of Goldfarb's commencement of suit.

*McIntyre* was a products liability case in which a British defendant's machine found its way into New Jersey through an independent distributor. In finding the manufacturer's contacts with New Jersey insufficient to support jurisdiction, the Court emphasized that "[t]he British

manufacturer had no office in New Jersey; it neither paid taxes nor owned property there; and it neither advertised in, nor sent any employees to, the State." *Id*. at 886. Indeed, the Court noted, "the defendant does not have a *single contact* with New Jersey short of the machine in question ending up in this state.'" *Id.* (quoting the trial court) (emphasis added).

This case bears no comparison to *McIntyre.* Channel One's defamatory broadcasts were directed into New York through Channel One Russia Worldwide, which was Channel One's *agent*, as this Court found. This Court thus correctly credited the allegations "that Channel One, by its subsidiary and agent Channel One Russia Worldwide ('CORW'), contracts to distribute its programming through platforms such as RCN New York, DirecTV, Comcast, Charter, Verizon Services Corp., Comcast-ATT, Cox, and Frontier Communications to subscribers throughout New York." *Opinion* at 15. Under the New York long-arm statute and constitutional due process jurisprudence, a principal may be subject to jurisdiction through the actions of its agent. *See* CPLR § 302(a)(1) (a court may exercise specific jurisdiction over a non-domiciliary that "in person *or through an agent* . . . transacts any business within the state") (emphasis added); *CutCo Industries,* 806 F.2d at 366 ("To be considered an agent for jurisdictional purposes, the alleged agent must have acted in the state "for the benefit of, and with the knowledge and consent of" the non-resident principal."), *citing Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2d Cir.1981); *Plaza Realty Investors v. Bailey*, 484 F.Supp. 335, 347 (S.D.N.Y.1979); *Louis Marx & Co. v. Fuji Seiko Co., Ltd*., 453 F.Supp. 385, 390 (S.D.N.Y.1978).

Moreover, as this Court clearly held, Channel One has purposefully availed itself of New York law through numerous actions other than the distribution of its defamatory content alone:

> Here, Channel One has purposefully availed itself of the privilege of conducting business within the forum state by maintaining a studio and at least one full-time employee in New York and by distributing its programming to paying subscribers throughout New York. Moreover, Channel One operates its studio and distributes

its programming in and throughout New York entirely independently of Plaintiff's claims. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum ..."). In short, the exercise of jurisdiction over Channel One comports with due process.

*Court's Opinion* at 18.

This Court's Due Process Clause analysis was entirely sound and there is no basis for reconsideration.

## V.   THIS COURT SHOULD NOT CERTIFY AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

### A.  The § 1292(b) Standards Presumptively Disfavor Certification

It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).  Interlocutory appeal "is a rare exception." *Id.*   Under that "rare exception," a district court may only certify an immediate appeal of an interlocutory order if it finds that the order (1) "involves a controlling question of law" (2) "as to which there is a substantial ground for difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  All three conditions must be satisfied. *SEC v. Gruss*, No. 11-Civ.-2420, 2012 WL 3306166, at *1 (S.D.N.Y. Aug. 13, 2012) ("The criteria for certifying a question under § 1292(b) 'are conjunctive, not disjunctive.'"); *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-Civ.-15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007). Certification under Section 1292(b) "is not intended as a vehicle to provide early review of difficult rulings in hard cases." *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982).   "The Second Circuit has repeatedly cautioned that certification 'should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Century Pac., Inc.*

17

*v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008), *quoting Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir.1996). Interlocutory appeals are "presumptively disfavored," *Youngers v. Virtus Inv. Partners Inc*., 228 F.Supp.3d 295, 298 (S.D.N.Y. 2017), and only "exceptional circumstances" will justify departure from the general rule of waiting for a final judgment to appeal an interlocutory order. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990). And "even when the elements of section 1292(b) are satisfied, the district court retains 'unfettered discretion' to deny certification." *Garber v. Office of the Comm'r of Baseball*, 120 F.Supp.3d 334, 337 (S.D.N.Y. 2014).

### B.  No "Pure" Questions of Law are Presented

Channel One cannot meet the demanding § 1292(b) standards.  Certification requires a *pure* question of law.  A question of law "must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Century Pacific*, 574 F. Supp. 2d at 37, *quoting In re Worldcom, Inc*., No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003). *See also Gruss*, 2012 WL 3306166, at *2. An order presenting "a mixed question of law and fact, not a controlling issue of pure law" is "not appropriate for certification." *Century Pacific*, 574 F. Supp. 2d at 37, *quoting Abortion Rights Mobilization*, 552 F. Supp. at 366.

By definition, neither this Court's rulings on *forum non conveniens* nor its rulings on personal jurisdiction satisfy the "pure question of law" standard.  Channel One's arguments on both issues would require the Second Circuit to investigate and apply the record.  That is a disqualifier.  "[R]esolving that question would necessarily require the Court of Appeals to delve into the record." *McGraw-Hill*, 293 F. Supp. 3d at 399. "Indeed, a question that 'turns on the . . . assessment of the pleadings, is not a 'pure question of law' suited for interlocutory appeal.'" *Id., quoting Picard v. Estate of Madoff*, 464 B.R. 578 (S.D.N.Y. 2011).  *See also In re Lloyd's Am.*

*Trust Fund Litig.*, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) ("As a general matter, rulings on the sufficiency of pleadings are not appropriate for interlocutory appeal.").

The precedent on this point is crystalline as applied to a district court's application of law to fact on matters such as the existence of personal jurisdiction. Such determinations do not present pure questions of law. This Court's rejection of Channel One's challenge to personal jurisdiction is thus "not a pure question of law suitable for interlocutory appeal for the same reasons set forth above—i.e., because it simply challenges the sufficiency of the Complaint's allegations as to personal jurisdiction." *McGraw-Hill*, 293 F. Supp. 3d at 400, *citing Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996) (observing that while interlocutory orders may involve issues of in personam jurisdiction, "§ 1292(b) was not meant to substitute an appellate court's judgment for that of the trial court"); *Shovah v. Mercure*, 2013 WL 5934310, at *2 (D. Vt. Nov. 5, 2013) (finding interlocutory appeal unwarranted where court's conclusion that the facts supported the exercise of personal jurisdiction did not involve a novel or unsettled area of law).

Every issue raised by Channel One, from whether Russia is or is not a dangerous and therefore inadequate forum for *forum non conveniens* purposes, to whether Channel One Russia Worldwide acted as Channel One's agent in New York, to the role of the interview of Goldfarb at Channel One's West 57th Street New York studio, require detailed application of law to fact. This renders these issues out of bounds under § 1292(b). *See Koehler*, 101 F.3d at 866. ("Moreover, since the exercise of personal jurisdiction over a foreign parent corporation through a resident subsidiary is a question of law which turns on a thorough examination of the facts defining the relationship between the two corporations, we are reluctant to rely on what may turn out to be an incomplete record to clarify legal doctrine for the district court's guidance."); *McGraw-Hill*, 293 F. Supp. 3d at 400 ("to the extent that iBestBargains challenges this Court's assessment of whether

that prima facie showing has been made, the question of whether the pleadings, affidavits, and supporting materials support a finding of jurisdiction is 'not a question of law at all.'"), *quoting Hecklerco, LLC v. YuuZoo Corp.*, 258 F.Supp.3d 350, 357 (S.D.N.Y. 2017); *Retail Pipeline, LLC v. JDA Software Group, Inc.*, Case No. 2:17–cv–00067, 2018 WL 2298355 (D. Vt. May 21, 2018) ("To the extent Defendant challenges the court's conclusion that Plaintiffs met this burden, 'the question of whether the pleadings, affidavits, and supporting materials support a finding of [personal] jurisdiction is not a question of law at all.'"), *quoting  McGraw–Hill*,  293 F. Supp. 3d at 400.

### C.  Mere Disagreement with the Court's Ruling Does Not Meet the Standard

Certification is not permitted when, as is the case here, the issue is simply "whether the trial court properly applied the law to the facts." *Abortion Rights Mobilization*, 552 F. Supp. at 371-72.  *See also In re Ambac Financial Group Sec. Litig.*, 693 F. Supp. 2d 241, 285 (S.D.N.Y. 2010); *World Trade Center*, 469 F. Supp. 2d at 145; *SEC v. First Jersey Securities*, 587 F. Supp. 535, 536 (S.D.N.Y. 1984).  As this Court has stated: "The requirement that a certified order contain substantial ground for difference of opinion cannot be met simply because one party is dissatisfied with the Court's ruling, any more than it can be defeated simply because the Court believes itself to be correct. *Gramercy* at *4.  *See also In re Citigroup Pension Plan ERISA Litig.*, No. 05–CV–5296(SAS), 2007 WL 1074912, at *2 (S.D.N.Y. Apr. 4, 2007); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, No. 11–CV5994(CM), 2012 WL 2952929, at *8 (S.D.N.Y. July 18, 2012). Instead, "[t]he requirement of § 1292(b) that there be a 'substantial ground for difference of opinion' is satisfied where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult, and one of first impression in the Second Circuit." *In re Trace Int'l Holdings, Inc.*, No. 04–CV1295 (KMW), 2009 WL 3398515, at *3 (S.D.N.Y. Oct. 21, 2009).

No conflicting authority on the issues presented by Channel One exists.  Nor are any of the issues matters of first impression in the Second Circuit.  To the contrary, Channel One's submissions are quintessential examples of attempts to do what § 1292(b) jurisprudence forbids— granting a disgruntled litigant an interlocutory appeal solely because of the litigant's disgruntlement.

A district court's application of law to fact to determine that personal jurisdiction exists plainly does not qualify as a "controlling question of law as to which there is a substantial ground for difference of opinion" under § 1292(b).  Such rulings on personal jurisdiction are not appropriate for interlocutory appeal.  Were the law otherwise, every routine decision of courts determining that personal jurisdiction exists would be immediately appealable.  *See Hecklerco,* 258 F.Supp.3d at 357 ("As an initial matter, the 'controlling question of law as to which there is substantial ground for difference of opinion' on which the YuuZoo Defendants rely is not a question of law at all. 28 U.S.C. Section 1292(b). The YuuZoo Defendants simply disagree that the factual record supports the Court's exercise of jurisdiction over them.").  What was true in *Hecklerco* is true here.  Channel One does not care for this Court's rulings and wants an interlocutory appeal.  As the court in *Hecklerco* explained: "The YuuZoo Defendants now argue that the Court was wrong because 'the facts cannot support a finding of specific jurisdiction.' (Memorandum at 5.) In other words, the YuuZoo Defendants seek appellate review of a decision concerning a factual determination with which they disagree. Because interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases," *In re Levine*, 2004 WL 764709, at *2, the YuuZoo Defendants' motion for interlocutory appeal must be denied." *Hecklerco,* 258 F.Supp.3d at 357, *quoting In re Levine*, No. 94-44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004).

The same flaws are evident with respect to Channel One's attack on the Court's *forum non conveniens* analysis. Channel One cannot credibly assert that the Court failed to consider the relevant authorities and factors; Channel One simply argues that the Court reached the wrong result. An erroneous evaluation of the proper factors on a *forum non conveniens* motion "can only with difficulty be described as a controlling question of law". See *Olnick and Sons v. Diimpster Bros., Inc.*, 365 F.2d 439. 443 (2d Cir. 1966); *Carlenstolpe v. Merck & Co., Inc.*, 1986 WL 11454 (S.D.N.Y.), appeal dismissed 819 F.2d 33 (2d Cir.1987). The clearly discretionary nature of a district court's determination of a *forum non conveniens* motion makes such a decision particularly inappropriate for certification. See *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993 ("[A] district court should ordinarily refuse to certify matters that lie within the district court's discretion." (internal quotations omitted).

## CONCLUSION

When the great American writer Mark Twain was falsely rumored to have died, he is reputed to have quipped that the rumors of his death were "greatly exaggerated."[4]   Great exaggerations similarly plague the pending motions of Channel One and RT America.

Given the delays that have already bogged this litigation, the pending motions should be summarily rejected as cynical and groundless interpositions of claims that have no plausible support in law or fact.  The motions are yet more baseless efforts by Channel One and RT to frustrate our system of justice and delay the  resolution of Alex Goldfarb's well-pleaded claims.[5]

---

[4] https://www.brainyquote.com/quotes/mark_twain_141773

[5] Goldfarb does not seek formal sanctions against Channel One or RT for making arguments plainly not permitted on a Motion for Reconsideration or a Motion to Certify an Interlocutory Appeal.  Goldfarb does not want to further slow the progress of this already unduly protracted litigation.  Goldfarb does however respectfully urge the Court to admonish defendants against future maneuvers transparently interposed to cause frustration and delay.

Context matters.  This is a case in which *liability* is all but a forgone conclusion.  There is no *conceivable* basis for challenging the egregious and monumental falsity of the publications. Alex Goldfarb stands accused by Channel One and RT America of complicity in the murder of Alexander Litvinenko and Mr. Goldfarb's own wife.   These are  monumental  lies  already conclusively proven false by tribunals in the United Kingdom, as this Court's Opinion correctly recited.  It has been conclusively established that this is a brazen falsehood, the stuff of the most cynical and manipulative propaganda.  There is no *conceivable* basis for any claim that this brazen defamation was published with anything other than knowledge of falsity and reckless disregard for truth or falsity.  Goldfarb has alleged that Channel One and RT knew that their devastating smear campaign was a lie, advanced to deflect guilt and responsibility from Vladimir Putin and the Russian government for the vicious murder of Litvinenko and the 2018 poisonings of Sergei Skripal and his daughter.

Faced with what they surely know to be the difficulty of prevailing on the merits, defendants cling to procedural motions calculated to obfuscate and delay. While Channel One and RT are entitled to make what motions they may, this Court is under no obligation to view these motions as anything other than what they truly are: dilatory tactics designed to exploit the vast disparity in the parties' resources and prevent justice for Dr. Goldfarb.

Dated: March 31, 2020
New York, New York

ROTTENBERG LIPMAN RICH, P.C.

By: _Bertrand C Sellier_____
Bertrand Sellier, Esq.
230 Park Avenue, 18th Floor
New York, New York 10169
T: (212) 661-3080
F: (646) 203-0281
bsellier@rlrpclaw.com
    -and-
Rodney A. Smolla, Esq.
Delaware Law School
4601 Concord Pike
Wilmington, Delaware 19803-
1406