# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T  202.861.1500
F  202.861.1783
www.bakerlaw.com

David B. Rivkin, Jr.
direct dial: 202.861.1731
drivkin@bakerlaw.com

October 27, 2020

**VIA ECF**

Hon. John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

*Re:*    Alex Goldfarb v. Channel One Russia, *18-cv-08128 (JPC)*

Dear Judge Cronan:

We are counsel for Defendant Channel One Russia in this matter and respectfully submit this joint letter on behalf of the parties in response to the Court's October 13, 2020 Order [ECF No. 93] directing the parties to file a letter updating the Court on the status of the case. The Court enumerated twelve categories of information and, for convenience, the requests are provided in italicized font followed by the parties' responses.

1.  *Names of counsel and current contact information, if different from the information currently reflected on the docket.*

The information currently reflected on the docket is correct for both parties' counsel. Any counsel who have not formally entered a notice will do so prior to any appearance before the Court, as applicable.

2.  *A brief statement of the nature of the case and/or the principal defenses thereto.*

By Complaint dated September 7, 2018 [ECF No. 5], Plaintiff Alex Goldfarb sued Channel One Russia and RT America a.k.a. Ano TV-Novosti for libel per se and intentional infliction of emotional distress arising from allegedly defamatory statements, broadcast by Defendants from their Moscow studios, regarding Plaintiff's alleged involvement in the murder of Russian dissident Alexander Litvinenko.[1] Specifically, Plaintiff claims that Channel One Russia aired, in

---

[1] On September 1, 2020, Plaintiff dismissed RT America a.k.a. Ano TV-Novosti pursuant to Fed. R. Civ. P. 41(a). [ECF No. 91].

Hon. John P. Cronan
October 27, 2020
Page 2

Russia, four programs in March and April 2018 during which reporters allegedly accused Mr. Goldfarb of poisoning Mr. Litvinenko and killing is own wife. These four programs were then broadcast in the United States via Channel One's exclusive U.S. licensee, Channel One Russia Worldwide (which is not a party to the lawsuit), which has distribution contracts with various U.S.-based cable companies. The libel per se claim alleges that Channel One Russia aired these statements despite knowing they were false and in deliberate disregard of the truth. The intentional infliction of emotional distress claim alleges that the publication of such defamatory statements caused Mr. Goldfarb to suffer damages, including to his reputation, humiliation, embarrassment, mental suffering, and emotional distress.

Channel One Russia is a Russian company with its principal place of business in Moscow. It vehemently disputes the veracity of the allegations in the Complaint. However, specific affirmative defenses have not been raised to date because, as described below, the threshold Fed. R. Civ. P. 12(b)(2) defense of lack of personal jurisdiction is currently before the Court. An answer to the Complaint has not been filed.

3.  *A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.*

Plaintiff asserts propriety of venue by invoking 28 U.S.C. §§ 1391(b)(1)-(b)(2). Channel One Russia disagrees, contending that it is an alien corporation that does not "reside" in New York, as defined by subsection (c)(2) of the general venue statute, because it is not subject to personal jurisdiction there. Channel One Russia submits that it is not subject to specific personal jurisdiction because the acts giving rise to Plaintiff's claims did not occur in New York; accordingly, venue cannot lie pursuant to either subsections (b)(1) or (b)(2) of Section 1391. Channel One Russia is not challenging venue, however, because as a non-resident alien, subsection (c)(3) of the general venue statute permits venue to lie in "any judicial district." 28 U.S.C. § 1391(c)(3).

Subject matter jurisdiction is uncontested under 28 U.S.C. §1332(a)(2), because the suit is between a citizen of a State and a citizen of a foreign state. Personal jurisdiction, however, is contested and imminently will be the subject of renewed briefing.

        Plaintiff's Contentions:

Judge Caproni denied Channel One Russia's motion to dismiss for lack of personal jurisdiction in her Opinion and Order dated March 4, 2020. [ECF No. 74]. Specifically, the Court held that Channel One Russia was subject to personal jurisdiction pursuant to New York CPLR 302(a)(1) because Channel One Russia transacts business in New York and the cause of action arises from

Hon. John P. Cronan
October 27, 2020
Page 3

that business. In concluding that Channel One Russia transacted business in New York, the Court noted that Channel One Russia maintains a studio in New York and employs a camera crew and a New York correspondent. In addition, and "most significantly," the Court relied on the fact that "Channel One's New York-based correspondent, Zhanna Agalakova, interviewed Plaintiff in Channel One's New York studio on March 23, 2018, in connection with several of the programs that are at issue in this case." *Id.* at 15.

While Plaintiff contends that these facts are sufficient to establish personal jurisdiction, there is a separate and additional issue of Channel One using its agent and subsidiary Channel One Russia Worldwide for contracting for the distribution of its programs throughout New York. This matter was the subject of jurisdictional discovery.

 Defendant's Contentions:

Channel One Russia disputes that the exercise of personal jurisdiction can properly flow from Sections 301 and 302 of the New York long-arm statute, New York CPLR §§ 301-02, and Channel One Russia's business activities in New York. Neither the New York long-arm statute nor the constitutional due process standard is satisfied. General jurisdiction cannot lie because Channel One Russia is a Joint-Stock Company formed under the laws of the Russian Federation with its principal place of business in Moscow,[2] and thus it is not "at home" in New York. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Specific jurisdiction likewise cannot lie because, even assuming that Channel One Russia has purposeful contacts with New York, there is no "articulable nexus, or a substantial relationship, between the claim[s] asserted and the actions that occurred in New York." *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir. 1998) (internal quotation marks omitted).

Further, Channel One Russia disagrees that the facts identified by Plaintiff are sufficient to establish personal jurisdiction and that the nature of Channel One Russia's relationship to Channel One Russia Worldwide is a separate issue. As discussed in item 4, below, Channel One Russia filed a motion for reconsideration, which Judge Caproni held in abeyance pending jurisdictional discovery. Renewed briefing on the issue of jurisdiction is forthcoming.

*4. A statement of all existing deadlines, due dates, and/or cut-off dates.*

By way of background, on April 12, 2019, Channel One Russia filed a motion to dismiss the Complaint under the doctrine of *forum non conveniens* and for want of personal jurisdiction. [ECF No. 59]. On March 4, 2020, Judge Caproni issued an opinion and Order denying the motion. [ECF No. 74]. On March 18, 2020, Channel One Russia filed a motion for reconsideration. [ECF No. 75]. By Order dated April 9, 2020 [ECF No. 84], Judge Caproni directed that the motion for reconsideration be held in abeyance "pending jurisdictional

---

[2] All of Channel One Russia's owners are Russian entities and include the Russian Federation, represented by the Federal Agency for State Property Management, the National Media Group, Information Telegraph Agency of Russia (ITAR-TASS) Federal State Unitary Enterprise, ORT-KB Limited Liability Company, and RastrKom-2002 Limited Liability Company.

Hon. John P. Cronan
October 27, 2020
Page 4

discovery relative to Goldfarb's allegation that Channel One published the alleged defamatory material in New York through its subsidiary and agent Channel One Russia Worldwide." *Id.* ¶ 1.

The parties agreed to a jurisdictional discovery and briefing schedule with the below operative deadlines. Merits discovery is deferred pending decision on any renewed motion to dismiss.

|  |  |
|---|---|
| May 11, 2020: | Last day for service of interrogatories and document demands; |
| September 1, 2020: | Last day for responses to interrogatories and document demands; |
| September 25, 2020: | Last day to request depositions, if any; |
| October 23, 2020: | Last day to complete depositions, if any; |
| November 6, 2020: | Last day for Defendant to file any renewed motion to dismiss for lack of personal jurisdiction; |
| November 24, 2020: | Last day for Plaintiff to file answering papers to Defendant's renewed motions to dismiss; and |
| December 7, 2020: | Last day for Defendant to file reply papers. |

5. *A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed.*

There are no pending conference dates, other than the Initial Conference set by Your Honor for December 16, 2020.

6. *A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought.*

There are no outstanding motions.[3] Channel One Russia will file a renewed motion to dismiss for lack of personal jurisdiction on or before November 6, 2020.

7. *A statement and description of any pending appeals.*

There are no pending appeals.

8. *A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations.*

The parties have engaged in jurisdictional discovery consisting of mutual Fed. R. Civ. P. 33 Interrogatories and Fed. R. Civ. P. 34 Requests for the Production of Documents. Neither party requested depositions. Channel One Russia does not believe that settlement negotiations would be constructive given the absence of jurisdiction.

---

[3] Channel One Russia's motion for reconsideration [ECF No. 75] was held in abeyance, and the Clerk was directed to close the open docket entry.

Hon. John P. Cronan
October 27, 2020
Page 5

9.  *A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.*

There have been no substantive settlement discussions between Plaintiff and Channel One Russia.

10. *A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next sixty days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate.*

No discussion of ADR has occurred between Plaintiff and Channel One Russia. Channel One Russia does not believe that a settlement conference or mediation is useful at this juncture given the lack of jurisdiction that will be the subject of a renewed motion to dismiss filed on or before November 6, 2020.

11. *An estimate of the length of trial.*

At this stage of the litigation, the parties respectfully submit that it is premature to estimate the length of trial.

12. *Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.*

Channel One Russia believes that its meritorious Fed. R. Civ. P. 12(b)(2) defense is dispositive of this case. Channel One Russia further submits that oral argument following briefing—scheduled to be completed on or before December 7, 2020—would be helpful to consideration of the issues.

Respectfully submitted,

   /s/ *David B. Rivkin, Jr.*

David B. Rivkin, Jr.

*Counsel for Channel One Russia*


cc: All Counsel of Record (*via* ECF)