# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

November 3, 2020

David B. Rivkin, Jr.
direct dial: 202.861.1731
drivkin@bakerlaw.com

**VIA ECF**

Hon. John P. Cronan
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   Alex Goldfarb v. Channel One Russia, *18-cv-08128 (JPC)*

Dear Judge Cronan:

As counsel for Defendant Channel One Russia in the above-referenced matter, we respectfully submit this letter to provide an important clarification to the parties' answers relative to the Court's requests regarding the status of the case. Specifically, the parties' October 27, 2020 joint status letter [ECF No. 94] responded to question number 4 as follows:

> By way of background, on April 12, 2019, Channel One Russia filed a motion to dismiss the Complaint under the doctrine of *forum non conveniens* and for want of personal jurisdiction. [ECF No. 59]. On March 4, 2020, Judge Caproni issued an opinion and Order denying the motion. [ECF No. 74]. On March 18, 2020, Channel One Russia filed a motion for reconsideration. [ECF No. 75]. By Order dated April 9, 2020 [ECF No. 84], Judge Caproni directed that the motion for reconsideration be held in abeyance "pending jurisdictional discovery relative to Goldfarb's allegation that Channel One published the alleged defamatory material in New York through its subsidiary and agent Channel One Russia Worldwide." *Id.* ¶ 1.

[ECF No. 94 at 3-4]. The joint status letter then stated, in response to question 6, that there are "no outstanding motions," but noted, in footnote 3, that "Channel One Russia's motion for reconsideration [ECF No. 75] was held in abeyance, and the Clerk was directed to close the open docket entry." It further noted, in response to both questions 4 and 6, that Channel One Russia

Hon. John P. Cronan
November 3, 2020
Page 2

would file a "renewed motion to dismiss for want of personal jurisdiction" by November 6, 2020. [ECF No. 94 at 4].

Unfortunately, the parties misspoke when they stated that Channel One Russia would file a "renewed *motion to dismiss* for want of lack of personal jurisdiction." Instead, as the substance of the answer to question 4 indicates, Judge Caproni's order [ECF No. 84] held Channel One Russia's motion for reconsideration—which raised both personal jurisdiction and *forum non conveniens*—"in abeyance pending resolution of jurisdictional discovery." *Id*. Given this outcome, Judge Caproni logically did not rule on Channel One Russia's motion for interlocutory certification.

Accordingly, now that the period for jurisdictional discovery has ended, Channel One Russia's motion for reconsideration is now "live" (*i.e.*, it is no longer being held in abeyance), and its motion for certification of an interlocutory appeal is now also ready for the Court's consideration. Thus, while the parties styled it as a "renewed motion to dismiss for want of personal jurisdiction," Channel One Russia will, in fact, be filing on November 6 a renewed *motion for reconsideration* of the Court's rulings on personal jurisdiction and *forum non conveniens*, both of which were held in abeyance pending jurisdictional discovery. Channel One Russia will also be renewing its motion for § 1292(b) certification, upon which it has never received any ruling from the Court.

We sincerely apologize for any confusion.

Respectfully submitted,

  /s/ *David B. Rivkin, Jr.*

David B. Rivkin, Jr.

*Counsel for Channel One Russia*


cc: All Counsel of Record (*via* ECF)