IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX GOLDFARB,<br><br>                Plaintiff,<br><br>v.<br><br>CHANNEL ONE RUSSIA,<br><br>                Defendant. | Case No. 1:18-cv-08128 (JPC)<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANT CHANNEL ONE RUSSIA'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RENEWED MOTION
FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION
FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20036

*Counsel for Defendant Channel One Russia*

**TABLE OF CONTENTS**

I. RECONSIDERATION OF BOTH PERSONAL JURISDICTION AND FNC IS WARRANTED ..................................................................................................................1

    A. The Court's Ruling on Personal Jurisdiction Overlooked Controlling Precedent and Uncontested Facts ..................................................................................2

    B. The Court's FNC Ruling Overlooked Controlling, Uncontested Facts .........................7

II. CERTIFICATION UNDER 28 U.S.C. § 1292(b) IS WARRANTED .......................................8

III. CONCLUSION ........................................................................................................................9

Defendant Channel One Russia ("Channel One") respectfully submits this memorandum in further support of its renewed motion for reconsideration of the Court's order denying its motion to dismiss based on personal jurisdiction and *forum non conveniens* ("FNC"). ECF 74. Channel One has also renewed its motion under 28 U.S.C. § 1292(b) for certification of an interlocutory appeal on both the personal jurisdiction and FNC rulings, which has not been ruled upon by the Court.

## I. RECONSIDERATION OF BOTH PERSONAL JURISDICTION AND FNC IS WARRANTED

Plaintiff initially claims that Channel One's motion is barred by the "law of the case" doctrine. ECF 99, at 1-2. But this doctrine "does not limit a court's power to reconsider its own decisions prior to final judgment." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). As the Second Circuit recently put it, "the *Wright & Miller* treatise observes, 'if a sound reason for reconsideration c[an] be found, law-of-the-case concerns should require only that the first ruling be protected, not that reconsideration be prohibited.'" *Colvin v. Keen*, 900 F.3d 63, 70 (2d Cir. 2018) (quoting Wright & Miller, 18B Fed. Prac. & Proc. Juris. § 4478.1, n.10 (2d ed. 2018)).

Under Second Circuit precedent, a motion for reconsideration may be granted if "the moving party can point to controlling decisions or data that the *court overlooked*—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (italics added); *accord Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Under L.R. 6.3, the party moving for reconsideration must set forth "the matters or controlling decisions which counsel believes the Court has overlooked."

Plaintiff asserts that Channel One seeks to "relitigate settled issues, without pointing to any *controlling law or fact that the Court overlooked* when issuing the original decision." ECF 99, at 3 (quoting *Neske v. N.Y. Dep't of Educ.*, 19-CV-2933, 2019 WL 5865245, at *4 (S.D.N.Y. Nov. 7, 2019)) (italics added). Yet Channel One's entire basis for seeking reconsideration is that the Court did, indeed,

1

overlook both controlling precedent and facts that might reasonably have altered the outcome on both the personal jurisdiction and FNC issues.

> A. The Court's Ruling on Personal Jurisdiction Overlooked Controlling Precedent and Uncontested Facts

The plaintiff bears the burden of establishing personal jurisdiction. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). When jurisdictional discovery is had, as here, a plaintiff may not rely solely on the complaint's allegations, but must make "an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant. At that point, the *prima facie* showing *must be factually supported*." *Ball v. Metallurgie Hoboken-Overpelt*, S.A., 902 F.2d 194, 197 (2d Cir. 1990) (italics added) (internal citations omitted).

Channel One has identified three fundamental errors of law and fact that "might reasonably be expected to alter the conclusion reached by the Court." *Shrader*, 70 F.3d at 257; *Van Buskirk*, 935 F.3d at 54. First, controlling law construing New York's long-arm statute requires that in order to impute the in-forum contacts of distributor Channel One Russia Worldwide ("CORW") to defendant Channel One, Plaintiff proffer factual evidence that Channel One "controls" CORW. ECF 97, at 5-8. Recognizing that Plaintiff had not satisfied this burden, the Court ordered jurisdictional discovery on the control issue, holding Channel One's motion in abeyance pending such discovery. ECF 84.

After conducting jurisdictional discovery, however, Plaintiff has adduced only two additional purported facts upon which to base jurisdiction: (1) "CORW and its corporate parent are headquartered in the same office building in Moscow"; and (2) "Alexi Efimov, the Chief Executive Officer of CORW, was appointed to his position by Channel One and is listed on its website as one of its major executives." ECF 99, at 3-4. Yet Channel One and CORW do *not share office space* and Plaintiff does not contend otherwise, side-stepping the issue by obliquely asserting that they have the "same address," Pl.'s Answers to Interrogs., No. 3(b) ECF 98-1, at 5, and are "headquartered in the

same office building." ECF 99, at 3-4. Yet jurisdictional discovery reveals that, while the address for *receipt of process* is the same (Ak. Koroleva Street, 19, Moscow), this is the Federal Unitary Enterprise Ostankino Technical Center, which is "one of Europe's largest broadcasting complexes," housing numerous television and radio entities. Channel One's Resp. to Interrog. No. 3, at 6-7 (attached as Exhibit A). Jurisdictional discovery further revealed that Channel One and CORW "have their *own separate offices and separate rental agreements* for facilities within the complex" and, more fundamentally, "do not share office space and *their physical spaces are located in different buildings, at Ak. Koroleva Street, 19 and Ak. Koroleva Street, 12*." *Id.* at 7 (italics added). Channel One and CORW thus do *not* share office space at all, and the facts adduced by Plaintiff do not show otherwise.[1]

Plaintiff's second contention is that CORW's Director General, Alexey Efimov, is listed *on a website* as being one of 34 individuals comprising Channel One's "Executive Management." Pl.'s Resp. to Req. for Prod. at 25-29 (attached as Exhibit B in the Russian language); *see also* Pl.'s Resp. to Interrog. No. 3(b), ECF 98-1, at 5. Plaintiff does not allege—because he cannot—that Efimov is a *director* of Channel One. Indeed, Plaintiff's own document production contains Channel One's 2015 Annual Report (in the Russian language), which reveals that Channel One has nine Directors—and Efimov is not one of them. Ex. B. at 49-50. That Efimov is named on a website as one of 34 individuals constituting Channel One's "Executive Management" does not plausibly establish that Channel One "controls" CORW. No existing caselaw on "control"-based jurisdiction has gone this far, and this Court should not do so now.[2]

---

[1] This physical "separateness" of Channel One and CORW is inherently logical—they are separate companies, engaged in separate activities. CORW does not exist for the purpose of distributing Channel One. Rather, it forms an independent TV Channel that broadcasts through local distributors in each country outside of the territory of Russia. *See* Ex. A at 9. As such, it is a large production and broadcasting company that also distributes six thematic channels of its own production, in addition to broadcasting Channel One content pursuant to a license agreement. CORW's own content is produced in Moscow, directed at a Russian-speaking audience, and is created without the involvement of Channel One, its production facilities, or employees.

[2] The Court did not address the sufficiency of Mr. Efimov's status, as it was asserted only post-discovery. The cited page, in any event, explicitly lists Mr. Efimov as the CEO of CORW, highlighting the distinction between Channel One and CORW.

3

The only other, pre-discovery facts upon which Plaintiff relies to establish control-based jurisdiction is that CORW is a wholly-owned subsidiary of Channel One and that CORW's initiation of unrelated litigation in this District indicates that Channel One "controls" CORW's distributions activities in New York. ECF 99, at 7.

The two lawsuits *initiated by CORW* are unrelated to the specific jurisdiction in the case at bar. Channel One is *not a party* to these other suits. CORW asserts its *separate interests* in those suits because they involved unauthorized broadcast of pirated Channel One content, in contravention of a license agreement between Channel One and CORW, whereby CORW is the exclusive distributor of Channel One's content outside of Russia. *See* Ex. A, at Interrog. No. 7. Plaintiff cites no authority suggesting that such litigation is even relevant to control-based specific jurisdiction. *See* ECF 99, at 7.

The only remaining argument for control-based jurisdiction is that CORW is a subsidiary (exclusive distributor) of Channel One's content outside Russia. Plaintiff argues that *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181 (2d Cir. 1998), permits specific jurisdiction to be exercised anytime a wholly-owned subsidiary "does all the business which [the parent corporation] could do were it here by its own officials." ECF 99, at 4 (quoting *Jazini,* 148 F.3d at 184). But this statement, standing alone, is not the applicable rule. The relevant legal standard requires that "[a] plaintiff demonstrates that a subsidiary was doing all the business of the parent by establishing that the subsidiary's 'activities were for the benefit of and with the knowledge and consent of the [parent-company] defendant, *and* that the [parent-company] defendant *exercised some control over the subsidiary in the matter that is the subject of the lawsuit.*'" *LPD New York, LLC v. Adidas Am., Inc.*, No. 15-CV-6360 (MKB), 2017 WL 1162181, at *17 (E.D.N.Y. Mar. 27, 2017) (italics added) (quoting *Ingenito v. Riri USA, Inc.*, 89 F. Supp. 3d 462, 447 (E.D.N.Y. 2015)); *cf. Univ. Trading & Inv. Co., Inc. v. Credit Suisse*, 560 Fed. App'x 52, 55 n.1 (2d Cir. 2014) ("[A] parent company's control over a subsidiary is generally not enough to subject the subsidiary to suit in New York courts, and jurisdiction is only proper 'when

4

the activities of the parent show a disregard for the separate corporate existence of the subsidiary.'") (quoting *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984)).

Indeed, in *Jazini*, the Second Circuit concluded that, under Section 301 of New York's long-arm statute, a foreign manufacturer is not subject to specific jurisdiction simply because the product is distributed through a New York distributor. *Jazini*, 148 F.3d at 184; *see also Gallelli v. Crown Imports, LLC*, 701 F. Supp. 2d 263, 272 (E.D.N.Y. 2010). "The mere sale of the product [by the distributor] is not considered the act of doing 'all the business which [the parent corporation] could do were it here by its own officials.'" *Gallelli*, 701 F. Supp. 2d at 272. *Jazini* did not purport to alter the standard, articulated in *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863 (2d Cir. 1996), that "[a] parent corporation may be sued in New York when the relationship between the foreign parent and the local subsidiary validly suggests the existence of an agency relationship or the *parent controls the subsidiary so completely* that the subsidiary may be said to be simply a department of the parent." *Id.* at 865 (italics added). Mere "conclusory statement[s]" about control, unsupported by facts indicating such control, are insufficient. *Jazini*, 148 F.3d at 184.

Second, the Court overlooked—and indeed, did not address—controlling Supreme Court precedent requiring that personal jurisdiction be established based on a *defendant-specific* basis and rejecting the notion that a third-party distributor's activities may be imputed to the producer/manufacturer. ECF 97, at 8-11 (discussing *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011) (plurality opinion); *id.* at 887-88 (Breyer, J., concurring in the judgment)); *see also Bristol-Myers Squibb Co. v. Superior Court of Calif*ornia, 137 S. Ct. 1773, 1783 (2017).

Moreover, in *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014), the Second Circuit noted that the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), "expressed doubts as to the usefulness of an agency analysis . . . that focuses on a forum-state affiliate's importance to the defendant rather than on whether the affiliate is so dominated by

5

the defendant as to be its alter ego." *Sonera Holding*, 750 F.3d at 225. *Daimler* doubted the fairness (due process) of imputing a subsidiary's contacts to a parent for purposes of *general* jurisdiction, and the same logic extends to *specific* jurisdiction, which is governed by the same Due Process Clause.

Plaintiff laments this due process limitation, asserting that "content-providers anywhere and everywhere could avoid liability for defamation through the corporate shell game of transmitting their content through wholly-owned subsidiaries that are nominally organized under a technically separate legal form." ECF 99, at 6. But a "separate legal form" is not a "technical[ity]." As the Supreme Court stated in *United States v. Bestfoods*, 524 U.S. 51 (1998), "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *Id.* at 61 (internal quotation marks omitted). So, too, with personal jurisdiction under the Due Process Clause: a subsidiary corporation's contacts cannot be imputed to the parent, absent some plausible evidence that the parent controls the subsidiary's in-forum activities. *See Daimler*, 571 U.S. at 135-36 (rejecting generalized "agency theory" of general jurisdiction). As a recent decision of this District put it, "It is not enough to allege that [the] defendant[] had the legal ability to control the alleged agent; plaintiffs seeking to establish jurisdiction under C.P.L.R. § 302(a)(2) *must allege the actual exercise of control* based on the realities of the relationship." *Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (JLJ), 2020 WL 5549039, at *9 (S.D.N.Y. Sept. 16, 2020) (italics added) (quoting *Hau Yin To v. HSBC Holdings, PLC*, 700 Fed. App'x 66, 68 (2d Cir. 2017)). Similarly, the Eastern District recently refused to impute a wholly-owned subsidiary's in-forum contacts to the parent, stating "[Plaintiff] repeatedly treats [parent-company defendant] as if it were *all* [defendant] companies, *paying no attention to separate corporate structures*." *Alcon Vision, LLC v. Lens.com, Inc.*, No. 18-cv-407 (NG), 2020 WL 4810778, at *6 (E.D.N.Y. Aug. 11, 2020).

Likewise here, Plaintiff repeatedly and casually conflates CORW and Channel One, paying no attention to the entities' separate corporate status. But *even after full discovery*, Plaintiff's allegations fall well short of creating a plausible inference that Channel One actually controlled CORW. "A wholly-owned subsidiary that continues to control its day-to-day operation cannot be an 'agent' for jurisdictional purposes." *Reingold v. Deloitte Haskins & Sells*, 599 F. Supp. 1241, 1253 (S.D.N.Y. 1984). Accordingly, despite full jurisdictional discovery, Plaintiff has failed to adduce facts creating a plausible inference that Channel One exercised actual control over CORW and this Court should reconsider the prior, pre-discovery decision to deny Channel One's 12(b)(2) motion.

Third, the Court committed a clear error of law and fact when it concluded that "something more" than mere distribution exists. ECF 74, at 14; *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir. 2007). Controlling precedent requires that the in-forum activity bear a *direct or substantial causal relationship* to Plaintiff's claims, ECF 97, at 11-17. Here, however, Channel One's in-forum activity (maintenance of a facility on West 57th St. and an unused interview with Plaintiff at that facility) did not "give rise to" Plaintiff's claims, which arise solely from interviews airing on four Channel One television shows that were broadcast, edited and produced by Channel One *solely in Moscow*, were conducted with Russian individuals only in the Russian language, and did not mention or otherwise "target" New York. See ECF 97, at 11-17.

### B.     The Court's FNC Ruling Overlooked Controlling, Uncontested Facts

Reconsideration of the Court's FNC ruling is likewise warranted because its FNC analysis was shaped, in large part, by the erroneous conclusion that specific personal jurisdiction exists. *See* ECF 74, at 7-8 (since Channel One is subject to personal jurisdiction, the Court will not withhold deference to Plaintiff's chosen forum); *id.* at 10 (balance of public and private interests warranted denial of FNC motion because Plaintiff's suit "may be viewed as a local dispute").

7

In addition, the Court overlooked several potentially outcome-determinative, uncontested facts: (1) Plaintiff is not a asylee of Russia; (2) Plaintiff's affidavits contain no evidence of past threats made by Russia or any past harm that Plaintiff has ever suffered during his many trips to Russia; (3) Plaintiff's admission that he accepted an invitation to travel to Moscow in 2013—after vociferously and publicly criticizing the Putin regime for over seven years—to tape a television show (which never occurred because Russia denied him a visa), undermines the plausibility of Plaintiff's claim that he fears for his safety in Russia, or that Russia has any intent to harm him; and (4) the uncontested facts articulated by Channel One's Russian legal expert, Sergey Sokolov, establish that Plaintiff can fully litigate his claims in Russian courts *in abstentia*, and that plaintiffs routinely litigate such absentee claims and win. Second Sokolov Decl., ECF 68, ¶¶ 15-33. Because the Court overlooked all of these uncontested facts, it "might reasonably be expected to alter the conclusion reached by the Court." *Shrader*, 70 F.3d at 257; *Van Buskirk*, 935 F.3d at 54, on FNC.

## II.     CERTIFICATION UNDER 28 U.S.C. § 1292(b) IS WARRANTED

Plaintiff's chief argument against certification is that personal jurisdiction does not involve a "pure" question of law. ECF 99, at 21-23. He asserts that personal jurisdiction is a "mixed question of fact and law," and "[t]hat is a disqualifier" for 1292(b). *Id.* at 21. But, as Channel One has pointed out, ECF 97, at 22, the underlying facts upon which the Court relied to establish jurisdiction, ECF 74, at 13-18, are *all undisputed*. Thus, the only issue that would be certified is whether, under these undisputed facts, personal jurisdiction exists under a "control" theory or alternatively, whether New York's long-arm statute and due process are satisfied *under these undisputed facts*. These are "pure questions of law," not questions of fact, or mixed questions of law and fact. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 23, 24-25 (2d Cir. 1990) (granting leave to appeal under 1292(b) for, *inter alia*, personal jurisdiction). Indeed, if 1292(b) is granted, the Second Circuit will review this Court's personal jurisdictional ruling

8

*de novo*, precisely because it is a *question of law*. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016); *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012).

Similarly, the Supreme Court and courts in this District have made clear that FNC is an appropriate question for 1292(b) certification. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 530 (1988); *Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru*, No. 08 Civ. 492(WHP), 2009 WL 5177977, at *1-2 (S.D.N.Y. Dec. 15, 2009).

### III. CONCLUSION

For the foregoing reasons, the Court should grant Channel One's renewed motion to reconsider. Alternatively, the Court should certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on both the personal jurisdiction and FNC rulings.

| | |
|---|---|
| Date:   December 7, 2020<br>Washington, D.C. | Respectfully submitted,<br><br>/s/ *David B. Rivkin, Jr.*<br>David B. Rivkin, Jr.<br>Elizabeth Price Foley<br>Kendall E. Wangsgard<br>BAKER & HOSTETLER, LLP<br>Washington Square, Suite 1100<br>1050 Connecticut Ave., N.W.<br>Washington, D.C. 20036<br>T:  202.861.1500<br>F:  202.861.1783<br>drivkin@bakerlaw.com<br>efoley@bakerlaw.com<br>kwangsgard@bakerlaw.com<br><br>*Counsel for Defendant Channel One Russia* |