# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX GOLDFARB,<br><br>    Plaintiff,<br><br>v.<br><br>CHANNEL ONE RUSSIA<br><br>  and<br><br>RT AMERICA, a.k.a. ANO TV-NOVOSTI,<br><br>    Defendants. | Case No. 1:18-cv-08128 (VEC) |

**DEFENDANT CHANNEL ONE RUSSIA'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF JURISDICTIONAL INTERROGATORIES**

  Defendant Channel One Russia, through its counsel, Baker & Hostetler LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and applicable Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules"), hereby state the following Objections and Answers to Plaintiff Alex Goldfarb's Jurisdictional Interrogatories dated May 4, 2020 (each an "Interrogatory" and collectively, the "Interrogatories").

**GENERAL OBJECTIONS**

  Channel One Russia sets forth the following General Objections, which are fully incorporated into each numbered response.

  1. Channel One Russia objects to Plaintiff's "Definitions" to the extent they deviate from, conflict with, or impose a greater obligation than set forth in the Local Rules and Federal Rules of Civil Procedure.

2. Channel One Russia objects to any Interrogatory that is outside the scope of relevance articulated in Federal Rule of Civil Procedure 26 and further objects to the extent that any Interrogatory is overbroad and not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the issues.

3. Channel One Russia further objects to any Interrogatory that is outside the scope of the Court's April 9, 2020 order delineating the scope of discovery at this phase of the litigation as "jurisdictional discovery relative to Goldfarb's allegation that Channel One published the alleged defamatory material in New York through its subsidiary and agent Channel One Russia Worldwide." *See* ECF No. 84.

4. Channel One Russia objects to each Interrogatory as unduly burdensome and overbroad to the extent that it seeks "all" information or "every" piece of information related to a given subject.

5. Channel One Russia objects to each Interrogatory to the extent that it seeks privileged attorney-client material, attorney work product, or information otherwise privileged or protected from disclosure.

6. Channel One Russia objects to each Interrogatory to the extent that it seeks information that could be obtained by a more appropriate mode of discovery, is redundant or duplicative of information already obtained, is premature, is unnecessarily cumulative, and/or is more easily obtained from some other source that is more convenient, less burdensome, or less expensive.

7. Channel One Russia objects to each Interrogatory to the extent that it seeks information that is already in Plaintiff's possession, otherwise publicly available or is primarily

or exclusively within Plaintiff's possession, custody, or control.

8. These responses are provided solely on behalf of Channel One Russia and its employees. Channel One Russia is not undertaking to gather, obtain and respond on behalf of individuals or entities whose documents and information are beyond the possession, custody or control of Channel One Russia. Channel One Russia therefore objects to each Interrogatory to the extent it purports to require Channel One Russia to provide information not within its possessions, custody or control.

9. Channel One Russia objects to each Interrogatory to the extent that it purports to require Channel One Russia to provide responses regarding the relationship and/or knowledge of documents, matters, persons and/or entities over whom Channel One Russia has no control, and with whom Channel One Russia does not have a relationship.

10. Channel One Russia objects to each Interrogatory to the extent it purports to require Channel One Russia to provide information with respect to the identity or substance of documents when such information could be derived or ascertained from the documents themselves on the grounds that the burden of deriving or ascertaining such information is substantially the same for Channel One Russia as it is for Plaintiff. In any event, the documents speak for themselves.

11. Channel One Russia does not waive or intend to waive objections as to competence, relevance, materiality, or admissibility of any information provided in response to the Interrogatories and reserves all rights to object on any grounds to the use of any such information or the subject matter thereof in all subsequent proceedings, including the trial of this, or any other matter.

12. Channel One Russia objects to responding as to Information outside the relevant time period. By agreement of the parties following a meet-and-confer, Plaintiff has modified the Interrogatories to correspond to a time period from January 1, 2018 through April 30, 2018. Channel One Russia will respond accordingly.

13. Channel One Russia specifically refers to Local Rule 33.3, which provides:

(a) Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

(b) During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

(c) At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.

Channel One will respond to the Interrogatories consistent with the text and spirit of the Federal Rules of Civil Procedure and the Local Rules, including Local Rule 33.3

**SPECIFIC OBJECTIONS AND ANSWERS TO THE INTERROGATORIES**

Subject to and without waiving the foregoing General Objections, Channel One Russia specifically objects to and answers the Interrogatories as follows:

**INTERROGATORY NO. 1**

Identify each person who (a) owns equity in Channel One, (b) is a director of Channel One or (c) is an officer of Channel One, and identify all relevant documents.

**RESPONSE TO INTERROGATORY NO. 1**

Object. Channel One Russia objects to this Interrogatory as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence. Channel One Russia further objects to this Interrogatory as outside of the scope of the Court's April 9, 2020 order delineating the scope of discovery. Channel One Russia further repeats and incorporates its General Objections to this Interrogatory, in particular nos. 2, 3, 4, 6, 7, 10, 11 and 13.

Subject to and without waiving the foregoing general and specific objections, Channel One Russia respectfully refers Plaintiff to the following contained in its document production:

- Certificate from the register of shareholders 2018 reflecting the shareholders list;
- Extract from the decision of general shareholders meeting appointing the Board of Directors in 2018 reflecting the members list; and
- Decisions of the general shareholders meeting appointing the CEO, the only officer of Channel One Russia.

**INTERROGATORY NO. 2**

Identify each person who (a) owns equity in CORW, (b) is a director of CORW or (c) is an officer of CORW, and identify all relevant documents.

**RESPONSE TO INTERROGATORY NO. 2**

Object. Channel One Russia objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence. Channel One Russia further objects to this Interrogatory as outside of the scope of the Court's April 9, 2020 order delineating the scope of discovery. Channel One Russia further objects to this Request to the extent it seeks information not within its possession, custody, or control. Channel One Russia further repeats and incorporates its General Objections to this Interrogatory, in particular nos. 2, 3, 4, 6, 7, 8, 9, 10, 11 and 13.

Subject to and without waiving the foregoing general and specific objections, Channel One Russia respectfully refers Plaintiff to the following contained in its document production:

- Certificate from the register of shareholders 2018 reflecting the shareholders list; and
- Decisions of the general shareholders meeting appointing the CEO, the only officer of Channel One Russia Worldwide.

**INTERROGATORY NO. 3**

Identify the legal address of Channel One and of CORW, and state whether or not Channel One and CORW share office space in any location.

**RESPONSE TO INTERROGATORY NO. 3**

Object. This Interrogatory calls for a narrative response and is unduly burdensome and overbroad in that it seeks a lengthy essay-type response rather than a brief, categorical statement as contemplated by the Federal Rules of Civil Procedure and the Local Rules. Channel One Russia also objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence. Channel One Russia further objects to this Interrogatory as outside of the scope of the Court's April 9, 2020 order delineating the scope of discovery. Channel One Russia further objects to this Request to the extent it seeks information not within its possession, custody, or control. Channel One Russia further repeats and incorporates its General Objections to this Interrogatory, in particular nos. 2, 3, 4, 6, 7, 8, 9, 10, 11 and 13.

Subject to and without waiving the foregoing general and specific objections, Channel One Russia states that its legal address and registered office is at Ak. Koroleva Street, 19, Moscow. Channel One Russia Worldwide's legal address and registered office is also located at

Ak. Koroleva Street, 19, Moscow. However, this address is the location of the Federal Unitary Enterprise Ostankino Technical Center, one of Europe's largest broadcasting complexes. Numerous television and radio channels are based at this location. Channel One Russia and Channel One Russia Worldwide have their own separates offices and separate rental agreements for facilities within the complex. Channel One Russia and Channel One Russia Worldwide do not share office space and their physical spaces are located in different buildings, at Ak. Koroleva Street, 19 and Ak. Koroleva Street, 12.

**INTERROGATORY NO. 4**

Identify each person (a) who is employed by Channel One who provides services to CORW or (b) who is employed by CORW and provides services to Channel One, and identify all relevant documents.

**RESPONSE TO INTERROGATORY NO. 4**

Object. Channel One Russia objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence. Channel One Russia further objects to this Interrogatory as outside of the scope of the Court's April 9, 2020 order delineating the scope of discovery. Channel One Russia further objects to this Request to the extent it seeks information not within its possession, custody, or control. Channel One Russia further repeats and incorporates its General Objections to this Interrogatory, in particular nos. 2, 3, 4, 6, 7, 8, 9, 10, 11 and 13.

Subject to and without waiving the foregoing general and specific objections, Channel One Russia states that it does not have access to or control documents of Channel One Russia Worldwide including, but not limited to, employment and service agreements or documentation of other similar arrangements. Accordingly, Channel One Russia cannot affirmatively state

whether employees of Channel One Russia may also independently provide services to Channel One Russia Worldwide and, similarly, whether individuals who provide services to Channel One Russia have arrangements with other entities. This is particularly true with respect to the prevalence of freelancers in the media industry.

**INTERROGATORY NO. 5**

Describe the contractual distribution process pursuant to which Channel One programming, including the Channel One Programs, appeared in New York as described in paragraph 15 of the Complaint, including the role and involvement of CORW, and identify all relevant documents.

**RESPONSE TO INTERROGATORY NO. 5**

Object. This Interrogatory calls for a narrative response and is unduly burdensome and overbroad in that it seeks a lengthy essay-type response rather than a brief, categorical statement as contemplated by the Federal Rules of Civil Procedure and the Local Rules. Channel One Russia also objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence. Channel One Russia further objects to this Interrogatory as outside of the scope of the Court's April 9, 2020 order delineating the scope of discovery. Channel One Russia further objects to this Request to the extent it seeks information not within its possession, custody, or control. Channel One Russia further repeats and incorporates its General Objections to this Interrogatory, in particular nos. 2, 3, 4, 6, 7, 8, 9, 10, 11 and 13.

Subject to and without waiving the foregoing general and specific objections, Channel One Russia respectfully refers Plaintiff to the following contained in its document production: License Agreement № 921 dated 01.04.2005.

Channel One Russia Worldwide, by purchasing a license to use the content of Channel One Russia (most of the individual programs, but not all), forms an independent TV channel – "COW" which broadcasts through local distributors in each country outside of the territory of Russia. Under the license agreement, all rights to broadcast the programs outside of Russia belong to Channel One Russia Worldwide. Channel One Russia understands that Channel One Russia Worldwide's broadcasts are available in the United States through satellite television providers, such as DirecTV, with which Channel One Russia Worldwide has its own distribution agreements. Channel One Russia is not involved in Channel One Russia Worldwide's negotiation of contracts or distribution agreements.

By responding to this Interrogatory, Channel One Russia does not admit the accuracy or relevance of any allegations in the Complaint, and paragraph 15 in particular.

**INTERROGATORY NO. 6**

Describe the process pursuant to which directors of CORW are appointed and the role of Channel One in that process, and identify all relevant documents.

**RESPONSE TO INTERROGATORY NO. 6**

Object. This Interrogatory calls for a narrative response and is unduly burdensome and overbroad in that it seeks a lengthy essay-type response rather than a brief, categorical statement as contemplated by the Federal Rules of Civil Procedure and the Local Rules. Channel One Russia objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence. Channel One Russia further

9

objects to this Interrogatory as outside of the scope of the Court's April 9, 2020 order delineating the scope of discovery. Channel One Russia further objects to this Request to the extent it seeks information not within its possession, custody, or control. Channel One Russia further repeats and incorporates its General Objections to this Interrogatory, in particular nos. 2, 3, 4, 6, 7, 8, 9, 10, 11 and 13.

Subject to and without waiving the foregoing general and specific objections, Channel One Russia respectfully refers Plaintiff to the following contained in its document production:

- Certificate from the register of shareholders 2018 reflecting the shareholders list; and
- Decisions of the general shareholders meeting appointing the CEO, the only officer of Channel One Russia Worldwide.

### INTERROGATORY NO. 7

State the basis for CORW's authority to file litigations in the United States District Court for the Southern District of New York concerning Channel One's business, and identify all relevant documents.

### RESPONSE TO INTERROGATORY NO. 7

Object. This Interrogatory calls for a narrative response and is unduly burdensome and overbroad in that it seeks a lengthy essay-type response rather than a brief, categorical statement as contemplated by the Federal Rules of Civil Procedure and the Local Rules. Channel One Russia objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant admissible evidence. Channel One Russia further objects to this Interrogatory as outside of the scope of the Court's April 9, 2020 order delineating the scope of discovery. Channel One Russia further objects to this Request to the extent it seeks

information not within its possession, custody, or control. Channel One Russia further repeats and incorporates its General Objections to this Interrogatory, in particular nos. 2, 3, 4, 6, 7, 8, 9, 10, 11 and 13. Channel One Russia further objects to the term "CORW's authority to file," and the term "Channel One's business" as vague and ambiguous. Further, this Interrogatory refers to the ambiguous and undefined class of "litigations in the United States District Court for the Southern District of New York" and not a particular case or proceeding.

Subject to and without waiving the foregoing general and specific objections, Channel One Russia respectfully refers Plaintiff to the following contained in its document production: License Agreement № 921 dated 01.04.2005. Channel One Russia is not a party to any litigation in the United States District Court for the Southern District of New York, other than the instant case, and was not a party to any such litigation during the relevant time period. To the extent that Channel One Russia Worldwide has filed pleadings in the United States District Court for the Southern District of New York, Channel One Russia does not and has not directed, controlled, or drafted the content of any of Channel One Russia Worldwide's filing(s) in any such litigations. Channel One Russia further states its understanding that under License Agreement № 921 dated 01.04.2005, Channel One Russia Worldwide holds the rights to broadcast programs outside of Russia and therefore acts as the rights owner in its own business interest in the case of infringement abroad, including in seeking legal redress for such infringement.

**INTERROGATORY NO. 8**

Identify every person employed by or affiliated with Channel One in New York who had any communication with anyone concerning the Channel One Programs prior to their broadcast in the United States, and identify all relevant documents.

**RESPONSE TO INTERROGATORY NO. 8**

By agreement of the parties following a meet-and-confer, this Request has been withdrawn. Accordingly, no response is required.

**INTERROGATORY NO. 9**

Describe the employment status of Zhanna Agalakova with respect to Channel One and CORW, and identify all relevant documents.

**RESPONSE TO INTERROGATORY NO. 9**

By agreement of the parties following a meet-and-confer, this Request has been withdrawn. Accordingly, no response is required.

Date:   September 1, 2020

/s/ *David B. Rivkin, Jr.*
David B. Rivkin, Jr.
Elizabeth Price Foley
Kendall E. Wangsgard
BAKER & HOSTETLER, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
T:  202.861.1500
F:  202.861.1783
drivkin@bakerlaw.com
efoley@bakerlaw.com
kwangsgard@bakerlaw.com

*Counsel for Defendant Channel One Russia*

## VERIFICATION

I, Dmitry Orlov, as the Head of Legal Service of Channel One Russia, defendant in this action, hereby state that I have read the foregoing interrogatories and the Responses and Objections ("Responses") thereto. As the Head of Legal Service, I am the agent of Channel One Russia for purposes of answering the interrogatories. The Responses are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: *September 1*, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this first day of September 2020 by electronic mail upon the following:

Bertrand Sellier
Rottenberg Lipman Rich PC
230 Park Avenue, 18th Floor
New York, NY 10169
212.661.3080
Fax: 212.867.1914
Email: bsellier@rlrpclaw.com

Rodney Alan Smolla
Delaware Law School
4601 Concord Pike
Wilmington, DE 19803
302.477.2278
Fax: 302.477.2282
Email: rodsmolla@gmail.com

/s/ *Kendall E. Wangsgard*
Kendall E. Wangsgard