**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ALEX GOLDFARB,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHANNEL ONE RUSSIA,<br><br>　　　　　　　Defendant. | Case No. 1:18-cv-08128 (JPC) |

## <u>DEFENDANT'S FIRST AMENDED ANSWER,<br>DEFENSES TO COMPLAINT, AND COUNTERCLAIM</u>

COMES NOW Defendant, Channel One Russia, by and through its counsel, Baker & Hostetler LLP, and for its Answer and Defenses to Plaintiff's Complaint states as follows. Channel One Russia expressly denies any wrongdoing assumed, implied, or alleged in any allegation of the Complaint. Any allegation not specifically admitted herein is denied. Channel One Russia reserves its right to amend and/or supplement its Answer, including its Defenses, as may be necessary.

The Complaint contains purported references to documents and publications, public Court filings and materials, and public broadcasts, including statements that have often been translated, excerpted, paraphrased, characterized, and otherwise taken out of context. These materials should be considered in context and in unmodified form, and Channel One Russia respectfully refers the Court to the respective materials for their accurate and complete contents.

1

## NATURE OF THE ACTION[1]

1.      Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1, and therefore denies the same. Channel One Russia denies the second sentence of Paragraph 1.

2.      Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies the same.

3.      Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies the same.

4.      Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies the same, but respectfully refers the Court to information in the public domain regarding historical occurrences.

5.      Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies the same. Paragraph 5 purports to characterize Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

6.      Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies the same, but respectfully refers the Court to information in the public domain regarding historical occurrences.

---

[1] Except as otherwise stated herein, Channel One Russia expressly denies each and every allegation contained in the Complaint, including without limitation any allegation contained in the preamble, unnumbered paragraphs, headings, subheadings, and footnotes. Headings and subheadings are reproduced in this Answer as they appear in the Complaint solely for convenience.

7.      Channel One Russia denies the allegations contained in Paragraph 7.

8.      Channel One Russia denies the allegations contained in Paragraph 8.

9.      The allegations in Paragraph 9 constitute legal conclusions and Plaintiff's characterization of his complaint to which no response is required. To the extent a further response is required, Channel One Russia denies the allegations contained in Paragraph 9.

10.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, particularly as Paragraph 10 is an averment as to Plaintiff's state of mind, and therefore denies the same. Channel One Russia denies any wrongdoing or liability and denies that Plaintiff has suffered any damages or is entitled to any relief whatsoever.

## PARTIES

11.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore denies the same.

12.     Channel One Russia admits the first sentence of Paragraph 12 and further states that JSC "Channel One Russia" is a company incorporated under laws of Russia with registration number 1077799019066. Its principal place of business is in Moscow, Russia with a registered address at Akademika Koroleva Street 19, 127427, Moscow, Russia. Channel One Russia does business only in the Russian Federation. Channel One Russia denies that its website presently contains the statement alleged in the second sentence of Paragraph 12 and denies knowledge or information sufficient to form a belief as to the truth of the allegation as of the date the complaint was filed.

13.     By endorsed Notice of Dismissal dated September 1, 2020, ECF No. 92, RT America a.k.a. ANO TV-Novosti was dismissed from this action. Therefore, no answer or further responsive pleading is required with respect to Paragraph 13.

## JURISDICTION

14.     The allegations in Paragraph 14 are legal conclusions and thus no answer is necessary. To the extent an answer is required, Channel One Russia states that subject matter jurisdiction is uncontested under 28 U.S.C. §1332(a)(2) insofar as the suit is between a citizen of a State and a citizen of a foreign state, but denies that Plaintiff has suffered any damages or is entitled to any relief whatsoever

15.     The allegations in the first sentence of Paragraph 15 are legal conclusions and thus no answer is necessary. To the extent an answer is required, Channel One Russia denies the allegations contained in the first sentence of Paragraph 15. Channel One Russia specifically contests personal jurisdiction. Channel One Russia denies the remaining allegations in Paragraph 15 and specifically denies that it "transacts significant business within the State of New York," that it "maintains an office" in New York, and that it has an "exclusive advertising sales representative" in New York. Channel One Russia's rented space at 250 West 57th Street serves as a storage facility for special equipment and a place for journalists and videographers to work on stories they are developing in the region.

16.     By endorsed Notice of Dismissal dated September 1, 2020, ECF No. 92, RT America a.k.a. ANO TV-Novosti was dismissed from this action. Therefore, no answer or further responsive pleading is required with respect to Paragraph 16.

## VENUE

17.     The allegations in Paragraph 17 are legal conclusions and thus no answer is necessary. To the extent an answer is required, Channel One Russia denies the allegations contained in Paragraph 17. Channel One Russia further states that it is an alien corporation that does not "reside" in New York, as defined by subsection (c)(2) of the general venue statute. 28 U.S.C. § 1391(c)(2) (defining business entities' residence as "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). Channel One Russia is not subject to personal jurisdiction because the acts relevant to Plaintiff's claims did not occur in New York; accordingly, venue cannot lie pursuant to either subsections (b)(1) or (b)(2) of Section 1391. Channel One is not challenging venue, however, because as a non-resident alien, subsection (c)(3) of the general venue statute permits venue to lie in "any judicial district." 28 U.S.C. § 1391(c)(3) ("a defendant not resident in the United States may be sued in any judicial district . . . .").

## THE FACTS

### Alexander Litvinenko – A Whistleblower

18.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies the same.

19.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies the same, but admits that joint stock company ORT-TV (Obshchestvennoe Rossiyskoye Televidenie) was a predecessor television channel to Channel One, that Boris Yeltsin was the first President of Russia, and the Russian State Duma is the lower house of the Federal Assembly of Russia (parliament).

20.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies the same.

21.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies the same.

22.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies the same, but respectfully refers the Court to information in the public domain regarding historical occurrences.

23.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies the same.

24.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies the same.

**Litvinenko's life and death in London (2001-2006)**

25.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies the same. Paragraph 25 purports to characterize published works, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

26.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore denies the same.

27.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore denies the same.

28.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies the same.

29.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore denies the same.

30.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore denies the same.

31.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore denies the same.

32.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore denies the same.

33.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore denies the same.

34.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and therefore denies the same.

35.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore denies the same.

36.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and therefore denies the same. Paragraph 36 purports to characterize a public press conference, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to plain meaning, language and context thereof are denied.

**Lugovoy and Kovtun Suspected of Murder**

37.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore denies the same.

38.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and therefore denies the same. Paragraph 38 purports to characterize a published work, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to plain meaning, language and context thereof are denied.

39.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and therefore denies the same.

**The False Narrative Emerges**

40.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and therefore denies the same. Paragraph 40 purports to characterize a public broadcast, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to plain meaning, language and context thereof are denied.

41.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and therefore denies the same. Channel One Russia admits that "EXHIBIT 1" purports to be a Judgment from High Court of Justice Queens Bench Division, which speaks for itself. Channel One Russia denies knowledge or information sufficient to form a belief as to the authenticity of the document. The document provides the best evidence of its contents. Any allegations contrary to plain meaning, language and context thereof are denied.

42.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and therefore denies the same.

**The About-face of Walter**

43.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and therefore denies the same.

44.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and therefore denies the same.

45.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and therefore denies the same. Paragraph 45 purports to characterize published works, which speaks for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

46.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 46, and therefore denies the same. Channel One Russia denies the allegations contained in the second sentence of Paragraph 46, but admits that on or about February 2, 2012, Channel One Russia broadcast in Russia an interview with Walter Litvinenko. Paragraph 46 purports to characterize a public broadcast, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to plain meaning, language and context thereof are denied.

47.     Channel One Russia denies the allegations contained Paragraph 47, but admits that on or about February 2, 2012, Channel One Russia broadcast in Russia an interview with Walter Litvinenko. Paragraph 47 purports to characterize a public broadcast, which speaks for

itself and provides the best evidence of its contents. Any allegations contrary to plain meaning, language and context thereof are denied.

48.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and therefore denies the same. Paragraph 48 purports to characterize a public broadcast, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to plain meaning, language and context thereof are denied.

49.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and therefore denies the same. Paragraph 49 purports to characterize a public broadcast, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to plain meaning, language and context thereof are denied.

50.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and therefore denies the same.

51.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and therefore denies the same. Paragraph 51 purports to characterize a published work, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to plain meaning, language and context thereof are denied.

**The Official British Probe: Inquest to Public Inquiry (2012-2014)**

52.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and therefore denies the same, but

respectfully refers the Court to information in the public domain regarding historical

occurrences.

53.     Channel One Russia denies knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 53, and therefore denies the same.

54.     Channel One Russia denies knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 54, and therefore denies the same.

Paragraph 54 purports to characterize and quote Court filings, orders, and other documents from

proceedings, which speak for themselves and provide the best evidence of their contents. Any

allegations contrary to plain meaning, language and context thereof are denied.

55.     Channel One Russia denies knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 55, and therefore denies the same, but

respectfully refers the Court to information in the public domain regarding historical

occurrences.

56.     Channel One Russia denies knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 56, and therefore denies the same.

**UK Inquiry (2015-2016)**

57.     Channel One Russia denies knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 57, and therefore denies the same.

58.     Channel One Russia denies knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 58, and therefore denies the same, but

respectfully refers the Court to information in the public domain regarding historical

occurrences. Channel One Russia admits that the footnote contained in Paragraph 58 directs to a

webpage purporting to be maintained by the UK National Archives and captioned "The

Litvinenko Inquiry." Channel One Russia denies knowledge or information sufficient to form a belief as to the authenticity of the documents found there.

59.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and therefore denies the same. Paragraph 59 purports to characterize Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied. Channel One Russia admits that the footnote contained in Paragraph 59 directs to an online 328-page PDF document titled "The Litvinenko Inquiry." Channel One Russia denies knowledge or information sufficient to form a belief as to the authenticity of the document.

60.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and therefore denies the same. Paragraph 60 purports to characterize and quote Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

61.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and therefore denies the same. Paragraph 61 purports to characterize and quote Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

62.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and therefore denies the same. Paragraph 62 purports to characterize and quote Court filings, orders, and other documents from

proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied. As there are no allegations contained in the footnote to Paragraph 62, no response is necessary.

63.    Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and therefore denies the same. Paragraph 63 purports to characterize and quote Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

64.    Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and therefore denies the same.

65.    Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and therefore denies the same. Paragraph 65 purports to characterize and quote Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied. As there are no allegations contained in the footnote to Paragraph 65, no response is necessary.

66.    Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66, and therefore denies the same.

67.    Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and therefore denies the same. Paragraph 67 purports to characterize and quote Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

68.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and therefore denies the same. Paragraph 68 purports to characterize and quote Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

69.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and therefore denies the same. Paragraph 69 purports to characterize and quote Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

70.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and therefore denies the same. Paragraph 70 purports to characterize and quote Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

71.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and therefore denies the same. Paragraph 71 purports to characterize and quote Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

72.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72, and therefore denies the same. Paragraph 72 purports to characterize and quote Court filings, orders, and other documents from

proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

73.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and therefore denies the same. Paragraph 73 purports to characterize Court filings, orders, and other documents from proceedings, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to plain meaning, language and context thereof are denied.

**False Coverage of the UK Inquiry Report by Defendants: Pushing a Narrative**

74.     Channel One Russia denies the first sentence of Paragraph 74. Channel One Russia admits that a recording of Sir Robert is included in the video referenced in the first footnote of Paragraph 74. Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74, and therefore denies the same. As there are no allegations contained in the footnotes to Paragraph 74, no response is necessary.

75.     Channel One Russia denies the allegations contained in Paragraph 75.

76.     Channel One Russia denies the allegations contained in Paragraph 76. Channel One Russia further states that Paragraph 76 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents. These materials should be considered in context and in unmodified form including in their original language. Any allegations contrary to plain meaning, language and context thereof are denied.

77.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, and therefore denies the same.

78.     Channel One Russia denies the allegations contained in Paragraph 78.

**The Skripal Poisoning in 2018-Echoes of the Litvinenko Murder**

79.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, and therefore denies the same, but respectfully refers the Court to information in the public domain regarding historical occurrences.

80.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80, and therefore denies the same, but respectfully refers the Court to information in the public domain regarding historical occurrences.

81.     Channel One Russia denies the allegations contained in Paragraph 81.

## DEFAMATORY STATEMENTS IN MARCH-APRIL 2018

82.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and therefore denies the same. Channel One Russia admits that "EXHIBIT 2" purports to aggregate "Transcripts of Russian TV Broadcasts." There are no allegations in "EXHIBIT 2" and therefore no response is necessary. Channel One Russia has not received a copy of "EXHIBIT 3." To the extent that the referenced exhibits purport to transcribe public broadcasts, which speak for themselves and provide the best evidence of their contents, such materials should be considered in context and in unmodified form including in their original language. Any allegations contrary to plain meaning, language and context thereof are denied.

**Program 1 – 3/20/2018 Channel One Program "Let Them Talk"**

83.     Channel One Russia admits that "Let Them Talk" is a popular talk show format program. This program is produced by Channel One Russia in Moscow, Russia and broadcast by

Channel One Russia solely in Russia. This entertainment polemical show is designed to cover topical and socially important events in the form of free discussion. For these purposes, experts, heroes, guests, and spectators are invited to the studio. They are given the opportunity to freely express their views on an issue. The views expressed by the experts, heroes, guests, spectators and other participants of the shows do not depend on the wishes of the host or editorial group. "EXHIBIT 2" purports to include an English-language transcript of the March 20, 2018 "Let Them Talk" episode. There are no allegations in "EXHIBIT 2" and therefore no response is necessary. Channel One Russia has not received a copy of "EXHIBIT 3." To the extent that the referenced exhibits purport to transcribe public broadcasts, which speak for themselves and provide the best evidence of their contents, such materials should be considered in context and in unmodified form including in their original language. Any allegations contrary to plain meaning, language and context thereof are denied.

84.     Channel One Russia denies the allegations in Paragraph 84. Channel One Russia further responds that to the extent that Paragraph 84 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents, such material should be considered in context and in unmodified form including in its original language. Any allegations contrary to plain meaning, language and context thereof are denied.

85.     Channel One Russia denies the allegations in Paragraph 85. Channel One Russia further responds that to the extent that Paragraph 85 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents, such material should be considered in context and in unmodified form including in its original language. Any allegations contrary to plain meaning, language and context thereof are denied.

86.     Channel One Russia denies the allegations in Paragraph 86. Channel One Russia further responds that to the extent that Paragraph 86 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents, such material should be considered in context and in unmodified form including in its original language. Any allegations contrary to plain meaning, language and context thereof are denied.

87.     Channel One Russia denies the allegations contained in Paragraph 87.

88.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88, and therefore denies the same. Paragraph 88 purports to characterize a published work, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to plain meaning, language and context thereof are denied. As there are no allegations contained in the footnote to Paragraph 88, no response is necessary.

89.     Channel One Russia denies the allegations contained in Paragraph 89.

90.     Channel One Russia denies the allegations contained in the first sentence of paragraph 90. Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90, and therefore denies the same.

**Dr. Goldfarb's attempts to rebut the falsities of Channel One**

91.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91, and therefore denies the same. Channel One Russia further states its belief that the individual referred to as "Lara" in Paragraph 91 is Larisa Nazarova who was an employee of Joint Stock Company "Channel One" in Moscow, Russia from February to September 2018.

92.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92, and therefore denies the same.

93.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93, and therefore denies the same. Channel One Russia further states that Anastasia Orlyanskaya is not an employee of Channel One Russia but is a freelance journalist.

94.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 94, and therefore denies the same. Channel One Russia admits that Ms. Agalakova interviewed Plaintiff on March 23, 2018, but denies that it was at a "studio." Channel One Russia does not have a studio on 57th Street in New York or anywhere else in the United States. Channel One Russia's rented space at 250 West 57th Street serves as a storage facility for special equipment and a place for journalists and videographers to work on stories they are developing in the region. Channel One Russia denies the fourth, fifth, and sixth sentences of Paragraph 94. Channel One Russia admits that the interview did not air. Channel One Russia denies the eighth sentence of Paragraph 94.

95.     Channel One Russia admits the allegations contained in Paragraph 95 and further states that it adheres to the principles of pluralism of opinions and, in particular, provided the audience with the opinion of Dr. Goldfarb.

**Program 2 – 03/30/18 Channel One Program "Man and Law"**

96.     Channel One Russia admits that "Man and Law" is a popular weekly program. The show gives an author's view to the events in the political, economic and social life of Russia. The main themes are the fight against organized crime, the investigation of corruption,

and criminal stories. The program is produced in Russia by an independent production company – Limited liability company "TV Company 'Ostankino.'" "EXHIBIT 2" purports to include an English-language transcript of the March 30, 2018 "Man and Law" episode. There are no allegations in "EXHIBIT 2" and therefore no response is necessary. Channel One Russia has not received a copy of "EXHIBIT 3." To the extent that the referenced exhibits purport to transcribe public broadcasts, which speak for themselves and provide the best evidence of their contents, such materials should be considered in context and in unmodified form including in their original language. Any allegations contrary to plain meaning, language and context thereof are denied. Channel One Russia denies that Dr. Goldfarb was defamed. Channel One Russia further responds that to the extent that Paragraph 96 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents, such material should be considered in context and in unmodified form including in its original language. Any allegations contrary to plain meaning, language and context thereof are denied.

**Program 3 – 04/01/18 RT Program "Worlds Apart"**

97.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and therefore denies the same.

98.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and therefore denies the same.

**Program 4 – 04/04/18 Channel One Program "Let Them Talk"**

99.     Channel One Russia denies the allegations contained in Paragraph 99. "EXHIBIT 2" purports to include an English-language transcript of the April 4, 2018 "Man and Law" episode. There are no allegations in "EXHIBIT 2" and therefore no response is necessary. Channel One Russia has not received a copy of "EXHIBIT 3." To the extent that the referenced

exhibits purport to transcribe public broadcasts, which speak for themselves and provide the best evidence of their contents, such materials should be considered in context and in unmodified form including in their original language. Any allegations contrary to plain meaning, language and context thereof are denied. Channel One Russia further responds that to the extent that Paragraph 99 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents, such material should be considered in context and in unmodified form including in its original language. Any allegations contrary to plain meaning, language and context thereof are denied.

100.     Channel One Russia denies the allegations contained in Paragraph 100. Channel One Russia further responds that to the extent that Paragraph 100 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents, such material should be considered in context and in unmodified form including in its original language. Any allegations contrary to plain meaning, language and context thereof are denied.

101.     Channel One Russia denies the allegations contained in Paragraph 101. Channel One Russia further responds that to the extent that Paragraph 101 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents, such material should be considered in context and in unmodified form including in its original language. Any allegations contrary to plain meaning, language and context thereof are denied.

102.     Channel One Russia denies the allegations contained in Paragraph 102.

**Program 5 – April 10, 2018 Channel One Program "Let Them Talk"**

103.     Channel One Russia admits that another episode of "Let Them Talk" aired on April 10, 2018. "EXHIBIT 2" purports to include an English-language transcript of the April 10, 2018 "Let Them Talk" episode. There are no allegations in "EXHIBIT 2" and therefore no

response is necessary. Channel One Russia has not received a copy of "EXHIBIT 3." To the extent that the referenced exhibits purport to transcribe public broadcasts, which speak for themselves and provide the best evidence of their contents, such materials should be considered in context and in unmodified form including in their original language. Any allegations contrary to plain meaning, language and context thereof are denied. Channel One Russia further responds that to the extent that Paragraph 103 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents, such material should be considered in context and in unmodified form including in its original language. Any allegations contrary to plain meaning, language and context thereof are denied.

104.     Channel One Russia denies the allegations in Paragraph 104. Channel One Russia further responds that to the extent that Paragraph 104 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents, such material should be considered in context and in unmodified form including in its original language. Any allegations contrary to plain meaning, language and context thereof are denied.

105.     Channel One Russia denies the allegations contained in paragraph 105. Channel One Russia further responds that to the extent that Paragraph 105 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents, such material should be considered in context and in unmodified form including in its original language. Any allegations contrary to plain meaning, language and context thereof are denied.

106.     Channel One Russia denies the allegations contained in paragraph 106. Channel One Russia further responds that to the extent that Paragraph 106 purports to transcribe a public broadcast, which speaks for itself and provides the best evidence of its contents, such material

should be considered in context and in unmodified form including in its original language. Any allegations contrary to plain meaning, language and context thereof are denied.

107.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 107, and therefore denies the same. Channel One Russia denies the allegations contained in the third sentence of Paragraph 107.

**Dr. Goldfarb Has Been Severely Damaged by Defendants' Malicious Lies**

108.     Channel One Russia denies the allegations contained in Paragraph 108.

109.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, and therefore denies the same.

110.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, particularly as Paragraph 110 is an averment as to Plaintiff's state of mind, and therefore denies the same. Channel One Russia denies any wrongdoing or liability and denies that Plaintiff has suffered any damages or is entitled to any relief whatsoever.

111.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111, and therefore denies the same.

112.     Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112, and therefore denies the same.

113.     Channel One Russia denies the allegations contained in Paragraph 113.

114.     Channel One Russia denies the allegations contained in Paragraph 114.

## FIRST CAUSE OF ACTION
**(Libel Per Se)**

115.    Channel One Russia incorporates its answers to Paragraphs 1-114 above by reference as if set forth fully herein.

116.    Channel One Russia denies the allegations contained in Paragraph 116.

117.    Channel One Russia denies the allegations contained in Paragraph 117.

118.    Channel One Russia denies the allegations contained in Paragraph 118, and specifically denies that it broadcast any defamatory statements regarding Dr. Goldfarb.

119.    Channel One Russia denies the allegations contained in Paragraph 119, and specifically denies that it broadcast any defamatory statements regarding Dr. Goldfarb.

120.    Channel One Russia denies the allegations contained in Paragraph 120, and specifically denies that it broadcast any defamatory statements regarding Dr. Goldfarb.

121.    Channel One Russia denies the allegations contained Paragraph 121. Paragraph 121 purports to characterize a public broadcast, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to plain meaning, language and context thereof are denied

122.    Channel One Russia denies the allegations contained in Paragraph 122 and further states that the capitalized term "the Report" as used in Paragraph 122 is undefined and without context.

123.    Channel One Russia denies the allegations contained in Paragraph 123.

124.    Channel One Russia denies the allegations contained in Paragraph 124.

125.    Channel One Russia denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, and therefore denies the same.

126.    The first sentence of Paragraph 126 contains a conclusion of law, to which no response is required. Channel One Russia denies the allegations contained in the second sentence of Paragraph 126.

## SECOND CAUSE OF ACTION
### (Libel Per Se)

127.    Channel One Russia incorporates its answers to Paragraphs 1-126 above by reference as if set forth fully herein.

128.    Channel One Russia denies the allegations contained in Paragraph 128.

129.    Channel One Russia denies the allegations contained in Paragraph 129.

130.    Channel One Russia denies the allegations contained in Paragraph 130.

131.    Channel One Russia denies the allegations contained in Paragraph 131.

## THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

132.    Channel One Russia incorporates its answers to Paragraphs 1-131 above by reference as if set forth fully herein.

133.    Paragraph 133 contains conclusions of law, to which no response is required.

134.    Channel One Russia denies the allegations contained in Paragraph 134, denies any wrongdoing or liability, and denies that Plaintiff has suffered any damages or is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

135.    In response to Plaintiff's prayer for relief, Channel One Russia denies that Plaintiff is entitled to any of the requested relief or any other relief whatsoever.

## DEMAND FOR JURY TRIAL

136.    Channel One Russia denies that Plaintiff has asserted any viable claims that would necessitate a trial by jury. Channel One Russia objects to a trial by jury.

## DEFENSES

Channel One Russia asserts below its affirmative defenses. By setting forth these affirmative defenses, Channel One Russia does not assume the burden of proof for any issue, fact, or element of a claim to which applicable law places the burden on the Plaintiff.

## FIRST DEFENSE

The Complaint, and each allegation therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, and the mandates of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## THIRD DEFENSE

Plaintiff has not adequately pled any damages.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate any damages.

## FIFTH DEFENSE

Plaintiff's alleged damages must be set off, in part or in whole, by funds previously recovered by Plaintiff.

## SIXTH DEFENSE

Plaintiff's alleged damages must be set off, in part or in whole, by mitigating

circumstances.

## SEVENTH DEFENSE

Plaintiff's claims are barred because the harm allegedly suffered, if any, was caused by

factors, persons, or entities other than Defendant, including intervening tortfeasors.

## EIGHTH DEFENSE

Plaintiff is barred from recovery of any alleged damages because Defendant did not

condone, authorize, or ratify the acts of which Plaintiff complains.

## NINTH DEFENSE

Plaintiff has not suffered any actual injury.

## TENTH DEFENSE

The claims alleged in the Complaint are barred by the First Amendment of the United

States Constitution and/or Article I, Section 8 of the New York State Constitution.

## ELEVENTH DEFENSE

Channel One Russia has not defamed Plaintiff or portrayed Plaintiff in false light because

each of the alleged defamatory statements of or concerning Plaintiff are not substantially false.

## TWELFTH DEFENSE

Channel One Russia has not defamed Plaintiff or portrayed Plaintiff in false light because

each of the alleged defamatory statements of or concerning Plaintiff are non-actionable opinion.

## THIRTEENTH DEFENSE

Channel One Russia has not defamed Plaintiff or portrayed Plaintiff in false light because

he is a public official, or alternatively a public figure or a limited purpose public figure for the

purposes of the alleged defamatory statements of or concerning him, and Plaintiff cannot establish by clear and convincing evidence that Channel One Russia acted with actual malice.

### FOURTEENTH DEFENSE

Channel One Russia has not defamed Plaintiff or portrayed Plaintiff in false light because Plaintiff cannot establish by clear and convincing evidence that Channel One Russia acted in a grossly irresponsible manner.

### FIFTEENTH DEFENSE

Channel One Russia has not defamed Plaintiff or portrayed Plaintiff in false light because each of the alleged defamatory statements of or concerning Plaintiff constitute fair comment.

### SIXTEENTH DEFENSE

Channel One Russia has not defamed Plaintiff or portrayed Plaintiff in false light because each of the alleged defamatory statements of or concerning Plaintiff was of public concern and affected a substantial interest of the public.

### SEVENTEENTH DEFENSE

Channel One Russia has not defamed Plaintiff or portrayed Plaintiff in false light because each of the alleged defamatory statements of or concerning Plaintiff are not capable of a defamatory meaning.

### EIGHTEENTH DEFENSE

Channel One Russia has not defamed Plaintiff or portrayed Plaintiff in false light because each of the alleged defamatory statements of or concerning Plaintiff was neutral reportage.

### NINETEENTH DEFENSE

Plaintiff is barred from recovery because, as a public, political figure, he assumed the risk of being the subject to the type of statements alleged in the Complaint.

### TWENTIETH DEFENSE

Plaintiff is barred from recovery because he waived his right to seek relief.

### TWENTY-FIRST DEFENSE

Plaintiff is barred from recovery due to the equitable doctrine of unclean hands.

### TWENTY-SECOND DEFENSE

Plaintiff is barred from recovery due to the doctrine of estoppel.

### TWENTY-THIRD DEFENSE

The Complaint fails to state a cause of action for punitive damages and an award of punitive damages would violate the First Amendment of the United States Constitution and/or Article I, Section 8 of the New York State Constitution.

### TWENTY-FOURTH DEFENSE

The Court lacks personal jurisdiction over Channel One Russia.

## COUNTERCLAIM OF
## <u>DEFENDANT CHANNEL ONE RUSSIA</u>

As and for its Counterclaim against Plaintiff, Defendant and Counterclaim Plaintiff

Channel One Russia, by its attorneys Baker & Hostetler LLP, repeats, realleges and incorporates

each of the allegations, averments, responses, denials and affirmative defenses set forth in the

foregoing paragraphs of Defendant's First Amended Answer, Defenses to Complaint, and

Counterclaim as if fully set forth herein and further alleges against Plaintiff Alex Goldfarb as

follows:

### <u>NATURE OF THE ACTION</u>

This Counterclaim arises from a breach of N.Y. Civil Rights Law §§ 70-a, 76-a, by Dr.

Goldfarb's filing of the instant action. By Dr. Goldfarb's own admission, this lawsuit has no

purpose other than to silence Channel One Russia's exercise of free speech. For that reason,

Channel One Russia is entitled to its costs and attorney's fees, compensatory damages, and

punitive damages against Dr. Goldfarb.

### <u>PARTIES</u>

1.      Counterclaim Plaintiff Channel One Russia is a Joint-Stock Company formed

under the laws of the Russian Federation (Registration # 1077799019066) with its principal

place of business at Akademika Koroleva Street 19, 127427, Moscow, Russia.

2.      Counterclaim Defendant Alex Goldfarb is a citizen and resident of the State of

New Jersey.

### <u>JURISDICTION AND VENUE</u>

3.      This Court has jurisdiction over this proceeding under 28 U.S.C. § 1332(a)(2)

because the lawsuit is between the citizen of a foreign state and a citizen of a State and the

amount in controversy exceeds $75,000.

4.      This Court has personal jurisdiction over Counterclaim Defendant because the actions giving rise to the counterclaim, Counterclaim Defendant's filing of the underlying libel action, took place in New York and Counterclaim Defendant regularly transacts business within New York.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the counterclaim, Counterclaim Defendant's libel suit, took place in New York.

## FACTUAL ALLEGATIONS

6.      Dr. Goldfarb asserts claims of libel *per se* and intentional infliction of emotional distress against Channel One Russia, stemming from four broadcasts by Channel One Russia on March 20, 2018; March 30, 2018; April 4, 2018; and April 10, 2018.

7.      The allegedly defamatory statements were in connection with a discussion of the death of Alexander Litvinenko, a former officer of the Russian Federal Security Service who died in London of poisoning in November 2006.

8.      The allegedly defamatory statements were made by three Russian citizens who appeared as guests or were interviewed on the programs: Walter Litvinenko, Dmitry Kovtun, and Andrey Lugovoy.

9.      The allegedly defamatory utterances were made on the Channel One Russia talk shows "Man and Law" and "Let Them Talk."

10.      "Man and Law" is a popular weekly program that gives an author's view to the events in the political, economic and social life of Russia. The main themes are the fight against organized crime, the investigation of corruption, and criminal stories. The program is produced

in Russia by an independent production company – Limited liability company "TV Company 'Ostankino.'"

11.     "Let Them Talk" is  a show covers topical and socially important events in the form of free discussion. For these purposes, experts, heroes, guests, and spectators are invited to the studio. They are given the opportunity to freely express their views on an issue. The views expressed by the experts, heroes, guests, spectators and other participants of the shows do not depend on the wishes of the host or editorial group.

12.     The allegedly defamatory statements were not made by Channel One Russia or any of its employees or agents.

13.     Dr. Goldfarb filed this lawsuit against Channel One Russia on September 7, 2018. Dr. Goldfarb cannot possibly sustain his lawsuit against Channel One Russia. It was commenced and continues without a substantial basis in fact and law. Rather, Dr. Goldfarb's lawsuit is driven by his animus towards Channel One Russia and objective to "punish" and harass it.

14.     Among other deficiencies in his suit, Dr. Goldfarb cannot demonstrate by clear and convincing evidence that Channel One Russia acted with actual malice or acted in a grossly irresponsible manner on the basis of statements made on its broadcasts by third parties about a matter of public concern.

15.     Not only is Dr. Goldfarb's suit legally futile, he has made clear that this lawsuit is part of a campaign to stifle Channel One Russia's speech.

16.     Dr. Goldfarb's hatred of Channel One Russia and this lawsuit's role in his plan to harass the broadcast network are plain.

17.     Dr. Goldfarb is soliciting donations for this lawsuit via the crowdfunding website GoFundMe and has raised tens of thousands of dollars though both an English- and Russian-

language GoFundMe page. (Those who donate over $100 will receive a signed copy of his book.)

18.     Dr. Goldfarb's GoFundMe page at one point explained that he was filing the suit to "stop" "Russian efforts to subvert Western democracies through propaganda and fake news." [https://www.thedailybeast.com/russian-tv-under-the-gun-in-american-court-for-its-litvinenko-murder-allegations]  While Channel One Russia disagrees with Dr. Goldfarb's characterization of its broadcasts, this statement makes his aims evident:  he is attempting to inhibit, harass, and intimidate Channel One's exercise of its free speech rights.

19.     Dr. Goldfarb has published numerous posts about the case on his Russian-language GoFundMe page and has published numerous posts on the "Echo of Moscow" blog about the case.

20.     In a June 20, 2018 update on the Russian-language GoFundMe page, Dr. Goldfarb all but admitted that the "guarantees of freedom of speech in a free society" precluded his success on the merits; he was pressing ahead because, in his words, he believed it to be "absurd."

21.     On June 20, 2018, Dr. Goldfarb shared an interview with Marina Litvinenko on the Russian-language GoFundMe page. In this interview, Ms. Litvinenko described Dr. Goldfarb's lawsuit as a "form of counter-propaganda."

22.     In a July 7, 2018 post on the Russian-language GoFundMe page, Dr. Goldfarb stated that after the lawsuit is filed, "the fun begins," and that he was filing the lawsuit to gin-up press coverage.

23.     In an August 9, 2018 post on the Russian-language GoFundMe page, Dr. Goldfarb implied that he was filing suit to silence Channel One Russia: "It is significant that

after we announced a libel suit against Channel One," the network "seemed to 'forget' about the Litvinenko case."

24.     On September 28, 2018 Dr. Goldfarb published an Opinion piece in the *Washington Post* admitting the futility of his lawsuit.  Specifically, Dr. Goldfarb stated that "current . . . law offers me . . . little in the way of a viable defense." And after describing his view of the applicable legal doctrines, he concluded that he was "left without any defense under the law."

25.     In an October 19, 2018 post on the blog Just Security, Dr. Goldfarb is quoted as saying that his lawsuit was brought to "deter" the journalists of Channel One Russia.

26.     In an April 24, 2021 interview with Radio Liberty, Dr. Goldfarb said his aim in filing this suit was to "punish" Channel One.

27.     Indeed, Dr. Goldfarb's lawsuit is but one piece of his campaign to harass and intimidate Channel One Russia. Around the time of the filing of the suit, Dr. Goldfarb lobbied U.S. lawmakers to impose economic sanctions against Channel One Russia (as well as RT America) and their executives under a then-pending piece of legislation, the "Defending American Security from Kremlin Aggression Act of 2018," which he bragged was given the unofficial moniker, "sanctions from hell." At the same time, Dr. Goldfarb also met with the State Department's Russia Desk about Channel One Russia.

28.     The lack of merit of the case, as well as Dr. Goldfarb's public statements, make plain that this lawsuit was brought and continues only for the purposes of harassing intimidating, punishing or otherwise maliciously inhibiting Channel One Russia's free exercise of speech.

29.     As a result of Dr. Goldfarb's abusive legal action, Channel One Russia has or will incur more than $75,000 in costs, attorney's fees, and other compensable damages.

## FIRST COUNTERCLAIM: COSTS AND ATTORNEY'S FEES
(N.Y. Civ. Rights L. § 70-a(1)(a))

30.     Paragraphs 1 through 29 are incorporated as if stated fully herein.

31.     Dr. Goldfarb's lawsuit against Channel One Russia is a claim based upon a communication in a public forum, a public broadcast, in connection with an issue of public interest, the death of Alexander Litvinenko.

32.     Dr. Goldfarb's lawsuit was commenced and continues without a substantial basis in fact and law, nor can it be supported by a substantial argument for the extension, modification, or reversal of existing law.

33.     Channel One Russia is therefore entitled to attorney's fees and costs in defending Dr. Goldberg's suit.

## SECOND COUNTERCLAIM: COMPENSATORY DAMAGES
(N.Y. Civ. Rights L. § 70-a(1)(b))

34.     Paragraphs 1 through 29 are incorporated as if stated fully herein.

35.     Dr. Goldfarb's lawsuit against Channel One Russia is a claim based upon a communication in a public forum, a public broadcast, in connection with an issue of public interest, the death of Alexander Litvinenko.

36.     Dr. Goldfarb's lawsuit was commenced and continues without a substantial basis in fact and law, nor can it be supported by a substantial argument for the extension, modification, or reversal of existing law.

37.     Dr. Goldfarb's lawsuit was commenced and continues for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting Channel One Russia's free exercise of speech.

38.     Channel One Russia is therefore entitled to compensatory damages.

## THIRD COUNTERCLAIM: PUNITIVE DAMAGES
(N.Y. Civ. Rights L. § 70-a(1)(c))

39.     Paragraphs 1 through 29 are incorporated as if stated fully herein.

40.     Dr. Goldfarb's lawsuit against Channel One Russia is a claim based upon a communication in a public forum, a public broadcast, in connection with an issue of public interest, the death of Alexander Litvinenko.

41.     Dr. Goldfarb's lawsuit was commenced and continues without a substantial basis in fact and law, nor can it be supported by a substantial argument for the extension, modification, or reversal of existing law.

42.     Dr. Goldfarb's lawsuit was commenced and continues for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting Channel One Russia's free exercise of speech.

43.     Channel One Russia is therefore entitled to punitive damages.

WHEREFORE, Channel One Russia respectfully requests: (1) that Plaintiff's Complaint be dismissed with prejudice; (2) that Channel One Russia be awarded its costs and attorneys' fees in defending this action; (3) that Channel One Russia be awarded other compensatory damages; (4) that Channel One Russia be awarded punitive damages; and (5) that this Court grant such other and further relief that the Court may deem just and proper.


Dated: August 10, 2021                                    Respectfully submitted,



                                                          */s/ David B. Rivkin, Jr.*

                                                          BAKER & HOSTETLER LLP
                                                          Washington Square, Suite 1100
                                                          1050 Connecticut Avenue, N.W.
                                                          Washington, DC 20036
                                                          *drivkin@bakerlaw.com*

Phone: (202) 861-1500
Fax: (202) 861-1783

*Counsel for Defendant Channel One Russia*