# EXHIBIT A

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C.

**Case No. RUSSIA-EO14024-2024-1230210-1**

Bertrand C. Sellier, Esq.
Rottenberg Lipman Rich, P.C.
230 Park Avenue, 18th Floor
New York, NY  10169

Dear Mr. Sellier:

This responds to your request to the Office of Foreign Assets Control (OFAC) dated May 15, 2024, and supplemental correspondence dated June 10, 2024, August 8, 2024, October 24, 2024, November 13, 2024, November 14, 2024, December 14, 2024, and March 27, 2025 (collectively, the "Application"), on behalf of Dr. Alexander Goldfarb, seeking a specific license to enforce a judgment in the amount of $25 million that was awarded to Dr. Goldfarb against Joint Stock Company Channel One Russia (Channel One Russia) on April 15, 2024 (the "Judgment").  The Judgment was awarded by Judge John P. Cronan of the United States District Court for the Southern District of New York in Goldfarb v. Channel One Russia, Case No. 1:18-cv-08128 (JPC).

On May 8, 2022, OFAC designated Channel One Russia pursuant to Executive Order (E.O.) 14024 for being owned or controlled by, or for having acted or purported to act for or on behalf of, directly or indirectly, the government of the Russian Federation, and described Channel One Russia as being directly or indirectly state-owned and controlled.  As described in the Application, as a judgment creditor of Channel One Russia, Dr. Goldfarb served information subpoenas on entities Dr. Golfarb reasonably believed might have been holding funds that were owed to Channel One Russia and were frozen due to sanctions.  The Application identified the following assets as being held in the United States as funds owed to Channel One Russia:  (1) $152,999.79 held by Direct TV in El Segundo, CA; (2) $160,038.17 held by NBC Universal in New York, NY; and (3) $45,954.13 held by Charter Communications in St. Louis, MO.

Absent authorization or exemption, E.O. 14024 and § 587.201 of the Russian Harmful Foreign Activities Sanctions Regulations, 31 C.F.R. part 587 (RuHSR), generally prohibit U.S. persons wherever located from dealing in the property and interests in property of a person or entity designated pursuant to E.O. 14024 .  Except as otherwise provided for in the RuHSR, the term *interest*, when used with respect to property (e.g., "an interest in property"), means an interest of any nature whatsoever, direct or indirect.  RuHSR, § 587.307.  Section 587.506(d) of the RuHSR states that entry into a settlement agreement or the enforcement of any lien, judgment, arbitral award, decree, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to § 587.201 of the RuHSR is prohibited unless licensed pursuant to this part.

While OFAC authorization generally is required to give effect to a U.S. court order purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to § 587.201 of the RuHSR, creditors may file for writs of attachment, garnishment, or execution in a U.S. court without the need for OFAC authorization in cases involving such blocked property.

Consequently, Dr. Goldfarb does not require authorization from OFAC to initiate and conduct such legal proceedings.

Please note that, as described in the Application, since the identified funds owed to state-owned Channel One Russia are currently being held by persons in the United States other than Channel One Russia, and have not yet been ordered by a U.S. court to be transferred to Dr. Goldfarb, it would be premature for OFAC to issue a license authorizing their transfer to Dr. Goldfarb. Accordingly, we are returning the Application without further action and without prejudice.

This guidance is without prejudice to your ability to request additional guidance or a specific license. An application seeking authorization to effect a U.S. court's order purporting to transfer the ownership of property in which Channel One Russia has an interest, as described in the Application, should, at a minimum, include a copy of the relevant court order. Additionally, any such application should only be submitted after you have confirmed that blocked property reports have been submitted to OFAC by the U.S. persons holding such property pursuant to 31 C.F.R. § 501.603. If you have any additional questions, you may refer to the OFAC website at *https://ofac.treasury.gov/* or call our office at (202) 622-2480.

Sincerely,

Alan W. Christian
Digitally signed by Alan W. Christian
Date: 2025.05.07 10:31:21 -04'00'

Alan W. Christian
Deputy Assistant Director for Licensing
Office of Foreign Assets Control