UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ALEX GOLDFARB,                                                           :
                                                                         :
                            Plaintiff,     :
                                          Index No.: 18-CV-08128 (JPC)
          - against -                                                  :
                                                                         :
CHANNEL ONE RUSSIA,                                                      :
                                                                         :
                            Defendant.     :
------------------------------------------------------------------------ X

**PLAINTIFF'S MEMORANDUM OF LAW
<u>IN SUPPORT OF MOTION FOR TURNOVER ORDER</u>**

ROTTENBERG LIPMAN RICH, P.C.
Bertrand C. Sellier
The Helmsley Building
230 Park Avenue, 18th Floor
New York, NY 10169
(212) 661-3080
bsellier@rlrpclaw.com

    -and-

Rodney Alan Smolla
164 Chelsea Street
PO Box 96
South Royalton, VT 05068
rodsmolla@gmail.com

*Counsel for Plaintiff Alex Goldfarb*

## **PRELMINARY STATEMENT**

Plaintiff and Judgment Creditor Alex Goldfarb respectfully submits this Memorandum of Law in support of his Motion for a Turnover Order pursuant to Fed. R. Civ. P. 69 and Section 5225(b) of the New York Civil Practice Law and Rules ("CPLR"). On April 15, 2024, this Court entered a default judgment for Plaintiff against Channel One in the amount of $25 million (the "Judgment"). (Dkt. No. 184) Plaintiff has not recovered any portion of the Judgment. Plaintiff now moves an order compelling Garnishees NBC Universal ("NBC"), Charter Communications ("Charter") and DirecTV, LLC ("DirecTV") (each, a "Garnishee") to turn over to Plaintiff funds that Garnishees are holding that Garnishees owe to Channel One to enforce the Judgment.

## **STATEMENT OF FACTS**

The relevant facts are set forth in the accompanying Declaration of Bertrand C. Sellier, Esq. dated May , 2025. ("Sellier Decl.") On May 8, 2022, after Russia's invasion of Ukraine, Channel One, a state-owned Russian television station, was sanctioned and its assets and property in the United States blocked by the United States Treasury Department's Office of Foreign Assets Control ("OFAC"). OFAC requires blocked funds to be placed in an account paying interest at a commercially reasonable rate. See OFAC Frequently Asked Questions Concerning Sanctions, Nos. 32, 33.

On May 15, 2024, Plaintiff applied to OFAC for a specific license to enforce the Judgment, and thereafter had further correspondence concerning the application. By letter dated May 7, 2025, OFAC informed Plaintiff that in fact a license was not required to initiate and conduct legal proceedings for attachment, garnishment or execution to enforce a judgment in cases involving blocked property. Sellier Decl., Ex.A.

After entry of the Judgment, on May 29, 2024, Plaintiff served an information subpoena on NBC pursuant to CPLR § 5224 (the " NBC Information Subpoena") seeking information concerning any assets of Channel One in NBC's possession or custody. Id., ¶ 7. On August 16, 2024, counsel for NBC responded to the NBC Information Subpoena in an email stating that "IMD, an NBC Universal subsidiary, has cash liabilities of $149,812.09 to Channel One" and "IMD has a bankruptcy judgment against … Russia Media Group, for unpaid license fees for C1R networks in 2018-2019." That bankruptcy judgement was to be paid over 60 months, with "85% of each payment … set aside for cash liabilities to C1R." As of August 16, 2024, 13 of the 60 payments due had been made, and $10,226.08 was "set aside for C1R.". Sellier Decl., ¶ 8, Ex. B. Plaintiff now seeks an order compelling NBC to turn over all of the funds owed by NBC to Channel One identified in the August 16, 2024 email.

On September 4, 2024, Plaintiff served an information subpoena on Charter pursuant to CPLR § 5224 (the "Charter Information Subpoena") seeking information concerning any assets of Channel One in Charter's possession or custody. Id., ¶ 9. On November 12, 2024, counsel for Charter responded to the Charter Information Subpoena in an email stating that Charter owed $45,954.13 to Channel One. Sellier Decl., ¶ 10, Ex. C. Plaintiff now seeks an order compelling Charter to turn over all of the funds owed by Charter to Channel One identified in the November 12, 2024 email.

On June 30, 2024, Plaintiff served an information subpoena on DirecTV pursuant to CPLR § 5224 (the "DirecTV Information Subpoena") seeking information concerning any assets of Channel One in DirecTV's  possession or custody. Id., ¶ 11. On July 25, 2024, counsel for DirecTV responded to the DirecTV Information Subpoena in an email stating that DirecTV

was holding $152,999.79 that it owed to Channel One. Sellier Decl., ¶ 12, Ex. D. Plaintiff now seeks an order compelling DirecTV to turn over the sum of $152,999,79.

## ARGUMENT

Given Channel One's failure to satisfy the Judgment , this Court should grant Plaintiff's Motion for a Turnover Order with respect to the funds identified by the Garnishees. Fed. R. Civ. P.69 governs the enforcement of money judgments in federal court. "Rule 69(a)(1) provides, in relevant part, that the 'procedure on execution' in federal court upon a money judgment 'must accord with the procedure of the state where the court is located.'" Mitchell v. Garrison Protective Servs., 819 F.3d 636, 638 (2d Cir. 2016 (quoting Fed. R. Civ. P. 69(a)(l)). Accordingly, this motion is governed by the procedures set forth in the CPLR. Reich v. Casabella Landscaping, Inc., 2024 WL 490033 at*2 (S.D.N.Y. Dec.3, 2024).

"Article 52 of New York's Civil Practice Law and Rules ("CPLR") governs the enforcement and collection of money judgments in New York." Teamsters Local 456 Pension, Health & Welfare, Annuity, Educ. & Training, Indus. Advancement & Legal Servs. Funds v. CRL Transp., Inc., No. 18-CV-2056 (KMK), 2020 U.S. Dist. LEXIS 116669, at *8 (S.D.N.Y. July 2, 2020) CPLR 5222(b) allows a judgment creditor to commence a "special proceeding" "to seek an order requiring that a nonparty turn over funds or property [in its possession or custody] in which the judgment debtor has an interest." CPLR § 5222(b). Fed. R. Civ. P. 69(a) renders CPLR § 5222(b) applicable in federal court. HBE Leasing Corp. v. Frank, 48 F.3d 623, 633 (2d Cir. 1995) (section 5225(b) is made "applicable in the District Court via Fed. R. Civ. P. 69(a)"). Because, "there is no such thing as a 'special proceeding' in federal court," Mitchell, 819 F.3d at 640, "a party seeking judgment against a non-party garnishee may proceed by motion and need

3

not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." CSX Transp., Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 469 (2d Cir. 2018).

In determining whether to grant a Rule 69(a) motion for a turnover proceeding pursuant to CPLR § 5222(b), courts apply the same standard as that of a motion for summary judgment. "A motion under Rule 69(a) is treated like a summary judgment motion." Axgine Corp. v. Plaza Automall Ltd., 2021 WL 1030228 at *7 (E.D.N.Y. Mar. 2, 2021). On a Rule 69(a) motion, "a court may grant summary relief where there are no questions of fact[.]" HBE Leasing Corp., 48 F.3d at 633. The court must "decide the matter 'upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised.'" Gonzalez v. City of New York, 127 A.D.3d 632, 8 N.Y.S.3d 290. 291 (1st Dep't. 2015).

To prevail on a motion for turnover order pursuant to CPLR § 5222(b), a judgment creditor must show that: (1) "the judgment debtor 'has an interest' in the property the creditor seeks to reach[,]" and (2) either "that the judgement debtor 'is entitled to the possession of such property,'" or "that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." Beauvis v. Allegiance Secur., Inc., 942 F.2d 838, 840 (2d Cir. 1991) (quoting CPLR § 5222(b)). Both of those prongs are satisfied here, and there is no triable issue of fact. Channel One has an interest in, and is entitled to, the funds that each Garnishee has identified that it is holding and are owed to Channel One. See Sellier Decl., Exs.B, C and D. As a judgment creditor Plaintiff now stands in Channel One's shoes and may enforce the Judgment by recovering any debt owed to Channel One. See, e.g., Karaha Bodas Co. LLC. V. Pertamina, 313 F.3d 70, 83 (2d Cir. 2002); Bass v.Bass, 140 A.D.2d 251, 253, N.Y.S.2d 558, 561 (1st Dep't 1988). A judgment creditor may enforce the obligations owed to the judgment debtor.White Plains Plaza Realty LLC v. Cappelli Enterprises , Inc., 8 N.Y.S.3d 369,

371 (2d Dep't 2015). Accordingly, Plaintiff is entitled to the funds that each Garnishee is holding and are owed to Channel One.

## **CONCLUSION**

Plaintiff respectfully submits that his motion for a Turnover Order should be granted in all respects.

Dated: New York, New York
May 12, 2025

                            ROTTENBERG LIPMAN RICH, P.C.

By: /s/ Bertrand C. Sellier
    Bertrand C. Sellier
The Helmsley Building
230 Park Avenue, 18th Floor
New York, NY 10169
(212) 661-3080
bsellier@rlrpclaw.com

       -and-

Rodney Alan Smolla
164 Chelsea Street
PO Box 96
South Royalton, VT 05068
rodsmolla@gmail.com

*Counsel for Plaintiff Alex Goldfarb*